Per Curiam.
Jane was indicted in the Callaway Circuit Court for the murder of her infant child; The indictment contained-three counts. She was convicted on the first and third counts, and acquitted on the second. To reverse the judgment of the Circuit Court, she now prosecutes her writ of error in this Court.
The first count charges that the prisoner “ on the 8th and 9th days of December, in the year”'&c., ££-at”'&c., ££-did knowingly, Wilfully, feloniously and of her malice aforethought, mix and mingle a certain deadly poison,” &c.,££ and afterwards on the days and year aforesaid,” &c-., “gave-to her said infant child, Angelihe, to drink,” &c., “t-hat the said Angeline-did then and there take, drink, and swallow the same,” &c.. “ and by the operation thereof, became sick,” &c., and “ from the said- days and year aforesaid on which -she the said Angeline so took, drank and swallowed "down the same as aforesaid', until the 11th day of December in the year last aforesaid, at the county of Callaway aforesaid) did languish and-languishing did- live, and on said 11th day of December in the-year last aforesaid, the said Jane, that she-might more speedily kill and murder said Angeline, with force and arms at the county of Calla-way aforesaid-, in and upon the said Angeline then and there being, feloniously, wil-fully, and of her malice aforethought, made an assault, and that the said Jane, then and there in and with bed clothes, feloniously, wilfully and of her malice aforethought, did wrap up and- cover over said Angeline, by means of which wrapping up and covering over said- Angeline in and with said bed clothes, by the said Jane as aforesaid, the said Angeline was then and there choaked, suffocated and smothered ; of which said choking, suffocating, and smothering, and of the poison aforesaid, so drank, taken and swallowed down into her body as aforesaid, and of the sickness and distemper thereby occasioned, did then and there die.” The third count charges, “ that the said Jane a slave, and the property of said Henry Brite, as aforesaid, on the eighth day of December, in the year of our Lord one thousand eight hundred and thirty, at the county of Callaway aforesaid, gave and administered to her infant child called Angeline, certain medicine called laudanum, against the form- of the statute,” &c. A motion was made in' arrest of judgment and overruled by the Circuit Court. The reasons then urged, are now with some others, assigned for error.
The first nine errors are assigned to the defects in the caption of the indictment, as same appears in the record, which has been most awkwardly and imperfectly mad© *46 up by the Clerk of the Circuit Court; and are expressly waived by the counsel for the plaintiff in error,- to- avoid the delay which would attend a certiorari.
The tenth error assigned is, “ that in neither count of said indictment,, is the word. ' Callaway’ averred immediately before or after the averment,, that the grand jury found the same upon their oaths ”
Eleventh. Because the first count in said indictment, is repugnant as to time, in this, that after several different days are mentioned, the venue is- laid “ then and there,” to a material allegation in said count.
Twelfth. Because it is not averred' in the said first count, that the wrapping up, &c., was done with an intent to kill and murder, neither is it averred that the mixing and giving the poison, &c., was done with intent to-murder, &c.
Thirteenth. Because the third, count does not-pursue the words of the statute.
Fourteenth, Because the words “then and there” a,re not inserted immediately after the words “ Callaway aforesaid,” in the third count.
Fifteenth-. Because it does not appear by the first count, that the defendant was of the county of Callaway.
Sixteenth. Because there is no venue laid in the following sentence in the first count, “wilfully, feloniously, and of .her malice aforethought, gave to her said infant child, Afigeline, to take and drink.”
Seventeenth. Is a general-assignment.
The tenth error assigned has no foundation. The county sufficiently appears without repeating the name of it, after the averment, and that the grand jurors were of the county of Callaway.
The eleventh error assigned seems well founded, and is fatal to the first count of the indictment. It is clear law, and has been so adjudged by this Court: 2 vol. Mo. Rep. p. 228, State v. Hardwick. That if the facts be stated as to time or place, with repugifancy or uncertainty, the indictment will be bad; and if two times or places have been previously mentioned-, and afterwards a part is only laid, “ then and there,” the indictment is defective, because it is uncertain to which it refers ; and it is no answer to the objection to say, that “ then and there ” will refer grammatically to the last antecedent, time and place. It must be certain to every intent. This is peculiarly the doctrine in capital cases, and felonies of a high grade. The averments “ that the said Jane then and there with bed clothes,” &c., and that “ the said Angeline was then and there choked,” &c., and “ did then and there die,” after having mentioned- several days, without saying on the day last aforesaid, or referring to the precise day, are too uncertain. The first count of the indictment is therefore defective. This decision of this point will make it unnecessary to notice the other objections urged to the first count.
On the third count the question arises, whether the prisoner should have been charged to have administered the medicine feloniously. The words of the law are, “ that if any slave shall prepare, exhibit, or administer any medicine whatsoever, he, she or they so offending shall be adjudged guilty of felony, and shall suffer death.”
There is no proposition more clear in law than that in all' indictments for felony; the indictment must charge the act to have been done-feloniously, or with- a felonious intent: see 4 Blackstone Com. 307; 1 Chit. Crim. Law, 199. That is not done in this case. The statute expressly declares the act to be felony, and then goes on to say, that if it shall appear to the Court on the trial, that the medicine was not administered with an ill intent,, the prisoner may be acquitted of the felony and *47 found guilty of a misdemeanor. This provision clearly shows, that the law makers-intended that for administering medicine, the charge must he made that it was done feloniously, otherwise how could they expect the prisoner to be acquitted of a charge not made in the indictment.
If we give' this act She construction contended for by the Circuit Attorney, we believe that at this time almost every slave in the State is guilty of felony. No one by this construction could, without subjecting him or herself to the punishment of death, give even an anodyne to a restless or sickly child, unless indeed the ignorant and helpless mother could show that it was done with no ill intent. This would be requiring the most helpless and ignorant portion of our population to prove themselves innocent before they are proved guilty, or even charged with a wicked intent.
The third count is therefore bad. But there is another ground of objection to the third count of the indictment, on which we have much doubt, which arises out of the 27th section of the 3d article of the Constitution of this State, which says that a slave convicted of a capital offence, shall suffer the same degree of punishment, and no other, that would be inflicted on a free white person for a like offence. Whether this means that the same acts, which are made capital with respect to a free white person, and none other, shall be punished with death, when committed by a slave, or whether it means that the same mode of death, say hanging or burning, shall be alike common to a free white person and to a slave, when capitally convicted, is the question.
The judgment of the Circuit Court is reversed.