## NATHAN, A SLAVE, *vs.* THE STATE.

An offence punishable otherwise than by death, or imprisonment in the penitentiary, is not a felony, within the meaning of the statute of 1835, concerning crimes and punishments; (Rev. Stat., p. 216, sec. 36;) therefore, in an indictment against a negro, or mulatto, for an attempt to commit a rape on a white female, which offence is punishable by castration, it is not necessary to aver that the act was done *feloniously,* or with a *felonious* intent. (Rev. Stat. 1835, p. 170, § 28.)

ERROR to Macon Circuit Court.

KIRTLEY, *for Plaintiff in Error.*

1. The verdict was clearly against the evidence.
2. Several of the jurors had prejudged the case.
3. The indictment is insufficient.

BAY, *Attorney-General, for The State.*

1. The offence charged is not a felony, under the act of 1835, concerning crimes and punishments, not being punishable " with death, or by imprisonment in the penitentiary," but by *castration;* therefore, it was not necessary to charge

*Nathan, a slave, vs. The State.*

in the indictment, that the act was done *feloniously*, or with a *felonious* intent.— Art. 9, sec. 36, p. 216, of said act; Johnson *vs.* The State, 7 Mo. Rep., 183.

2. The evidence is not saved in a bill of exceptions, nor is the evidence in the cause contained in what, perhaps, was intended for a bill of exceptions, but merely the "*substance*" of the evidence.— Rev. Stat., 1835, p. 491, sec. 23; Crane *vs.* Taylor, 7 Mo. Rep., 285; and the cases referred to in the head note.

3. The defendant cannot object to the competency of the jury, having omitted to exercise his right of challenge either to the array or to the polls.

Besides, it does not appear, from the record, that the defendant was ignorant of the facts contained in the affidavits.— Rex *vs.* Sheppard, 1 Leach's C. C., 101; Booby *vs.* The State, 4 Yerger, 111; Lisle *vs.* The State, 6 Mo. Reports, 431; Revised Statutes, 1835, "Practice and Proceedings in Criminal Cases," art. 6, sec. 12, p. 490.


NAPTON, J., *delivered the opinion of the Court.*

The plaintiff in error was indicted and convicted for an attempt to commit a rape upon a white woman.

To reverse the judgment, three points are relied upon : first, that the indictment does not charge that the attempt was made *feloniously;* second, that the verdict is against the weight of testimony; and thirdly, that a portion of the jurors had prejudged the cause, and a new trial should therefore have been granted.

In relation to the last point, it is sufficient to observe, that the motion and affidavits upon which the action of the court was founded, though spread upon the record by the clerk, are not preserved by bill of exceptions.

It has been so often settled, that this Court will not disturb the verdict of a jury where no instructions have been asked or given, and where a state of facts is established by the evidence about which jurors or judges might differ, that it is deemed unnecessary to recite the testimony preserved in the bill of exceptions. The verdict is, in the opinion of the Court, satisfactory, and the judgment will not be reversed for the refusal of the Circuit Court to grant a new trial.

The first point in relation to the sufficiency of the indictment admits of doubt; yet the phraseology of our statute which defines the meaning of the term felony, would seem to forbid the adoption of any course other than the one pursued by the prosecution. The words of the act are singularly explicit; it declares, that the term felony shall be construed to mean, "any offence for which the *offender*, on conviction, shall be liable, by law, to be punished with death, or by imprisonment in the penitentiary, *and no other.*" The 28th section of the second article of the act concerning crimes and punishments, declares the punishment for rape, or attempt to commit rape, by a negro or mulatto, to be castration. It is difficult to resist the conclusion, then, that the offence described in this indictment is not a felony within the meaning of our statute, and therefore the prosecutor properly omitted the word "*feloniously*," in describing the offence.

Judgment affirmed.