THE STATE v. JOSEPH A. HELDERLE, Appellant.

Division Two, May 14, 1907.

1. **ILLEGAL VOTING: Information: Invalid.** Information, set out in the statement, for illegal voting in election precincts in the city of St. Louis, *held*, invalid.

2. **———: ———: Uncertainty.** Where the information charges that defendant voted at the Fifth precinct and that he thereafter on the same day appeared at the Second precinct and did then and there before the judges of the Fifth precinct fraudulently apply for a ballot and feloniously cast said ballot and vote at said election, the information is too indefinite to base a conviction upon.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED AND REMANDED.

*S. S. Bass, Anthony Hochdoerfer, T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

The information is insufficient. It was error not to sustain defendant's motion to quash or his motion in arrest of judgment. State v. Keating, 202 Mo. 197; State v. Sekrit, 130 Mo. 401; State v. Kreuger, 134 Mo. 262; State v. Hardelein, 169 Mo. 579; State v. Burke, 151 Mo. 142; State v. Miller, 132 Mo. 297; United States v. Hess, 124 U. S. 483; McCrary on Elections, sec. 594; Laws 1903, sec. 32, p. 186; sec. 2120k, p. 159.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

It is conceded that the information is insufficient.

FOX, P. J.—This cause is now before this court upon appeal from a judgment of the circuit court of the city of St. Louis convicting the defendant of voting more than once at different election precincts in the

city of St. Louis in violation of section 2114, Revised Statutes of Missouri, 1899. As the main contention upon this appeal consists of a challenge to the sufficiency of the information, we here, omitting formal parts, reproduce it. It is as follows:

"Comes now Arthur N. Sager, circuit attorney, within and for the city of St. Louis (said city comprising the Eighth Judicial Circuit of the State of Missouri), and now here in court, on his official oath, and on behalf of the State of Missouri, information makes, that on the fourth day of April, one thousand nine hundred and five, at the city of St. Louis aforesaid, and in each ward and election precinct of the said city of St. Louis, a municipal election was had and held pursuant to the Constitution and the laws of the State of Missouri, and the Scheme and Charter of the said city of St. Louis thereunder enacted, for the choice and election of certain municipal officers of the said city, to-wit: Mayor, Comptroller, Auditor, Treasurer, Register, Collector, Inspector of Weights and Measures, Marshal, President of the Board of Assessors, President of the Board of Public Improvements, President of the Council, Members of the City Council, Members of the Board of Education, and Members of the House of Delegates from the several and respective wards of the said city; and that then and there, at the said city of St. Louis, and at the polling places of the Fifth Election Precinct of the Eighth Ward of the said city, at the southwest corner of Broadway and Ann avenue, on the said fourth day of April, in the year one thousand nine hundred and five (the same being the first Tuesday in April of said year), at the municipal election aforesaid, and before the duly appointed and qualified judges and clerks of election within and for the said election precinct, one Joseph A. Helderle did appear and did then and there, before the judges and clerks of election aforesaid, apply for and receive a bal-

lot, and did then and there cast said ballot and vote at said election; and that the said Joseph A. Helderle afterwards, to-wit, on the same day and at the same election, did appear at the polling place of the second precinct of the Eighth Ward of said city at No. 417 Lami street, and that he, the said Joseph A. Helderle, did then and there, before the duly appointed and qualified judges and clerks of election of the said Fifth Precinct of the said Eighth Ward, knowingly, wilfully, fraudulently and feloniously apply for and receive a ballot, and did then and there knowingly, wilfully, fraudulently and feloniously cast said ballot and vote at said election; and, so the said Arthur N. Sager, circuit attorney as aforesaid, upon his oath aforesaid, does say, that the said Joseph A. Helderle, on the said fourth day of April, in the year one thousand nine hundred and five, in the city of St. Louis aforesaid, knowingly, wilfully, fraudulently and feloniously, did vote in more than one election precinct, at the election aforesaid, so held as aforesaid, for the election of municipal officers aforesaid, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.''

The sufficiency of this information was questioned both by motion to quash and a motion in arrest of judgment. On the 5th day of March, 1906, at the February term, 1906, of the circuit court, the defendant was put upon his trial. We deem it unnecessary to set out the testimony upon which this judgment is based. It is sufficient to say that the evidence developed at the trial is in conflict, and owing to the uncertainty of the charge as contained in the information it is difficult to analyze the testimony and apply it to the allegations contained in it. We are unable to clearly understand from the allegations contained in the pleadings whether it is intended to charge the defendant with voting more than once in one precinct or voting more than once at

different election precincts; therefore, we see no necessity for setting out in detail the testimony upon this trial, for the reason, as before stated, that we find difficulty in ascertaining the nature and character of the offense to which it is sought to make it applicable. In view of the fatal defects in the information, it can serve no good purpose to burden this opinion with a detailed statement of the testimony applicable to it.

At the close of the evidence the court instructed the jury upon the theory that the defendant was charged in the information with voting more than once at two different election precincts, and the cause was submitted to the jury upon the evidence and instructions, and they returned a verdict finding the defendant guilty as charged in the information and assessed his punishment at imprisonment in the city jail for the period of one year and a fine of $50. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. The court rendered judgment in conformity with the verdict and from this judgment the defendant prosecuted this appeal, and the record is now before us for review.

### OPINION.

With the views of this court as to the disclosures, of the record before us, it is only necessary to treat of one proposition, which involves the sufficiency of the information upon which the judgment in this cause is predicated. The information is manifestly insufficient and it requires no citation of authorities to support that conclusion. The mere reading of it makes apparent the error. It will be observed that this information charges that the defendant appeared before the judges and clerks of the Fifth Election Precinct of the Eighth Ward of the said city of St. Louis at the southwest corner of Broadway and Ann avenue and applied for and received a ballot and did then and there cast

said ballot and vote at said election. This is followed by the allegation that on the same day and at the same election the defendant did appear at the polling place of the Second Precinct of the Eighth Ward of said city at No. 417 Lami street. And this is followed by a repetition of the allegation that he received from the judges and clerks of election of the Fifth Precinct of the Eighth Ward and applied for and received a ballot and wilfully, fraudulently and feloniously cast said ballot and voted at said election. There is an entire absence of any allegation in this information that he applied for or received a ballot or voted at the polling place of the Second Precinct of the Eighth Ward. It may be said that this is a clerical mistake, yet that it is fatal to the sufficiency of this information, is too plain for further argument.

We have deemed it unnecessary to analyze and discuss the testimony as applicable to the charge contained in this information, for the reason that we are unable to intelligently analyze this testimony and apply it to the charge in the information in its present form.

If this defendant voted at more than one election precinct on the same day and at the same election, he should be convicted, but a judgment of conviction can only be permitted to stand when it is predicated upon an information that substantially charges the offense.

For the purpose of giving the State, if it so desires, an opportunity of filing an amended information in which every essential element of the offense sought to be charged under the provisions of the statute may be embraced, the judgment of the trial court will be reversed and the cause remanded, and it is so ordered.

All concur.