THE STATE v. JAMES R. WILLARD, Appellant.

Division Two, May 18, 1909.

1. INDICTMENT: Insufficient: Omission of Word Feloniously. Every offense which by statute is made a felony must be charged to have been feloniously done, and a failure to charge that it was feloniously done is fatal.

2. ———: ———: ———: Forgery. An indictment which charges that defendant James R. Willard "did then and there wilfully and unlawfully forge, counterfeit and falsely make and alter a certain check purporting to be made by one F. M. Willard, under the name of F. M. Willard, on," etc., is fatally defective for that it does not charge that the forgery was feloniously done, defendant's punishment being assessed by the verdict at five years' imprisonment in the penitentiary.

3. ———: ———: ———: ———: With Intent Feloniously to Injure. And the indictment having failed to charge that defendant feloniously forged the check, is not saved by the fact that it charges that the forgery was done "with intent

then and there feloniously to injure and defraud, against the peace and dignity of the State." That is not a sufficient charge of a felony.

4. **FELONY: What Is?** The term "felony" when used in the statute means any offense for which the offender on conviction will be liable by law to be punished with death or by imprisonment in the penitentiary, and no others. It is an offense for which the offender on conviction may be imprisoned in the penitentiary, and not only one for which upon conviction he must be imprisoned in the penitentiary.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General for the State.

(a) The first count of the information is sufficient in form and substance. It is drawn under Sec. 2001, R. S. 1899. If the word "feloniously" appeared just after the word "wilfully" in the first part of the information, it would appear better as to form, yet this count charges that the forgery and alteration were done "with the intent then and there feloniously to injure and defraud, against the peace and dignity of the State." The element essential is to charge that the forgery and alteration were done with a felonious intent. This is plainly done. State v. Brown, 104 Mo. 371; State v. Snell, 78 Mo. 240; State v. Cunningham, 154 Mo. 179; State v. Boyle, 28 Iowa 522; State v. Hasseltine, 130 Mo. 468; Sherwood's Crim. Law, pp. 345, 346; Kelley's Crim. Law (2 Ed.), sec. 773; 3 Words and Phrases, p. 2730; Carroll v. State, 71 Ark. 403; State v. Halpin, 91 N. W. 605. (b) It is held that the term "feloniously" is a description of the grade of the offense rather than the criminal act which constitutes the offense. State v. Parker, 172 Mo. 206; State v. Scott, 109 Mo. 232. (c) The objection urged by appellant is technical in the extreme. He regards

form all and disregards substance and intent. The information clearly charges that the forgery and alteration were done with a felonious intent, and this is sufficient. (d) In the first part of the information it is. charged that appellant "did then and there willfully and unlawfully forge, counterfeit and falsely make," etc. In State v. Parker, 106 Mo. 224, it is said, "An unlawful intent to kill would be a felonious intent." Chinn v. State, 68 Ind. 425.

GANTT, P. J.—This is an appeal from a judgment and sentence of the circuit court of Howell county.

On the 31st of July, 1907, the prosecuting attorney of Howell county filed in the circuit court of said county an amended information in three counts charging the defendant in the first count with having made and altered a certain check on the 31st day of May, 1907, under the name of F. M. Willard, payable to one Hamon Judd, on the First National Bank of West Plains, Missouri, for the sum of twenty dollars, dated May 29, 1907. The second count charged the defendant with having sold, exchanged and delivered said forged and altered check to said bank, and the third count charged him with having made, altered and forged said check by which a pecuniary demand and obligation was purported to be created. The defendant was tried at the December term of the Howell Circuit Court, and found guilty under the first count of said information, and his punishment assessed at five years imprisonment in the State penitentiary. After unsuccessful motions for new trial and in arrest of judgment, he appealed to this court.

The first count of the information is in these words:

"J. L. Bess, prosecuting attorney within and for the county of Howell, in the State of Missouri, for his

amended information, informs the court that one James R. Willard, on the 31st day of May, A. D. 1907, at the said county of Howell, did then and there willfully and unlawfully forge, counterfeit and falsely make and alter a certain check purporting to be made by one F. M. Willard, under the name of F. M. Willard, on the First National Bank of West Plains, a corporation duly incorporated and existing under the laws of the United States, payable to one Hamon Judd, or bearer, for twenty dollars, and dated May 29, 1907; which said false, forged, counterfeit and altered check is of the tenor following:

**FIRST NATIONAL BANK,**

No. ———.                                    WEST PLAINS, Mo., May 29, 1907.
Pay to Hamon Judd, or bearer, twenty dollars ($20.00)
                                                    F. M. WILLARD.

With intent then and there, feloniously to injure and defraud, against the peace and dignity of the State."

As the court submitted the case to the jury on the first count only, it is not necessary to notice the other two counts. In his motion for a new trial and in arrest of judgment, the defendant challenged the sufficiency of the first count in the information, on the ground that he was not charged with having "feloniously" forged and falsely made said check, and this presents the one important question in this case. In State v. Murdock, 9 Mo. 1. c. 740, Judge SCOTT, speaking for this court, said: "Every offense, which is made a felony by statute, must be charged to have been done feloniously, whether it was a felony by common law or not. The word 'feloniously' is indispensably necessary in all indictments for felony, whether statutory or by common law." In State v. Deffenbacher, 51 Mo. 26, it is said: "The term 'felony,' when used in the statute, is 'construed to mean any offense for which the offender, on conviction, shall be liable, by law, to

be punished with death or imprisonment in the penitentiary, and no others.' This provision was construed in the case of Johnston v. State, 7 Mo. 183, and it was held that a statutory felony is an offense for which a party, on conviction, *may* be imprisoned in the penitentiary, and not where, on conviction, he *must* be so imprisoned. It is the settled law of this State that an offense which is made a felony by statute, whether it were a felony at common law or not, must be charged to have been committed feloniously. [State v. Murdock, 9 Mo. 739.] The word 'feloniously' is indispensably necessary in all indictments for felony." This doctrine has never been departed from in any subsequent decision of this court. The offense denounced in section 2001, Revised Statutes 1899, under which the information in this case is drawn, is forgery in the second degree and forgery in the second degree, by section 2024, Revised Statutes 1899, is punishable by imprisonment in the penitentiary not less than five or more than ten years. The Attorney-General urges that this indictment is sufficient, because, while it does not charge that the defendant "feloniously" forged the said check, it does charge that he made the same "with intent then and there feloniously to injure and defraud, against the peace and dignity of the State,'" and cites in support of his contention State v. Brown, 104 Mo. l. c. 371, in which this court, speaking of the necessity of using the word "feloniously" in instructions, says: "It is not necessary that the court should use the word 'feloniously' in the instructions,' " and also State v. Hesseltine, 130 Mo. 468, in which the indictment is in practically the same form as this count of the indictment. A reference to that case will show that the sufficiency of this count of the indictment was not passed upon in that case. But neither of these cases reaches the error in this information, and neither of them can be held to have overruled or changed the

well settled law announced in the cases which we have cited.

In our opinion this count of the information upon which the defendant was convicted is fatally defective, and the circuit court erred in overruling the motion in arrest of judgment. Indeed, in the absence of such a motion under the well established practice of this court, we are bound to look to the indictment, and if found fatally defective, reverse the judgment. The judgment of the circuit court of Howell county is reversed and the cause remanded, and in the meantime the prisoner will be remanded to jail, or if on bail, held to answer another indictment or information if the prosecuting attorney shall elect to further prosecute.

The judgment is reversed and the cause remanded to be proceeded with as herein directed. *Burgess* and *Fox, JJ.*, concur.