## THE STATE v. JOSEPH SIEGEL, *alias* JAMES FOLEY, Appellant.

### Division Two, May 25, 1915.

1. **APPEAL: After Plea of Guilty.** A defendant who has entered a plea of guilty after arraignment under an information, has a right to an appeal and to ask the appellate court to review the record for the purpose of determining the sufficiency of the information.

2. **INFORMATION: General and Special: Statutes: Fraudulent Voting.** Section 6155, Revised Statutes 1909, defining the same offense denounced by section 4427, is limited in its operations to cities of 100,000 inhabitants or over, and is unconstitutional, since section 4427 is general in its nature and operates alike in every part of the State, and the two do not prescribe the same punishment for the same offense; and an information charging fraudulent voting can, therefore, only properly be held to have been drawn under the provisions of the general statute, namely, section 4427. [Following State v. Anslinger, 171 Mo. 600.]

3. ————: **No Charge of Felony.** An information in the language of the statute which fails to allege that the offense denounced

by the statute as a felony was "feloniously" committed, or sup-
ply the omission of that word with others of similar import,
if that can be done, is not sufficient, and will not support a
judgment entered on a plea of guilty assessing defendant's pun-
ishment at imprisonment in the penitentiary.

4. ———: **Felony Defined: Necessity for Use of Word Feloniously.**
A felony is any offense for which an accused may, upon con-
viction, be imprisoned in the penitentiary, although the mini-
mum punishment therefor may be a jail sentence or a fine;
and where the statute under which the information is drawn
prescribes that the punishment for its violation may be im-
prisonment in the penitentiary or imprisonment in the county
jail or a fine, it is necessary that the information use the word
"feloniously" in order to inform the accused of the nature or
grade of the crime he is alleged to have committed.

Appeal from Jackson Criminal Court.—*Hon. Ralph
S. Latshaw,* Judge.

Reversed and remanded.

*Numa F. Heitman* for appellant; *Henry J. Aaron*
of counsel.

(1) Absence of the word "feloniously." The crim-
inal court erred because appellant was not charged with
any felony, nor did he plead guilty to any felony, and
yet he was sentenced to two years in the penitentiary.
The word "feloniously" nowhere appears in the infor-
mation. Illegal voting in Kansas City is expressly
made a felony by statute. R. S. 1909, secs. 4427 and
6155; State v. Feasal, 132 Mo. 181; State v. Deffenback-
er, 51 Mo. 26; In re Spalding, 75 Kan. 163; Johnson v.
State, 7 Mo. 183; State v. Band, 191 Mo. 566; State v.
Willard, 219 Mo. 721; State v. Murdock, 9 Mo. 739;
State v. Clayton, 100 Mo. 516; State v. Dixon, 247 Mo.
668; State v. Gilbert, 24 Mo. 380; State v. McGrath, 228
Mo. 413; State v. Buckfelder, 231 Mo. 55; In re Spald-
ing, 75 Kan. 163; Ex parte Smith, 135 Mo. 223; State v.
Rosenblatt, 185 Mo. 114; Secs. 2474, 4923, 4925, 4427,
R. S. 1909. (2) A plea of guilty is no bar to appeal.

State v. Rosenblatt, 185 Mo. 114.   (3)   Sec. 6155, R. S.
1909, is unconstitutional.   It is a special law.   It con-
flicts with Sec. 4427, R. S. 1909.   It was error to sen-
tence appellant under said unconstitutional law.   State
v. Anslinger, 171 Mo. 600.

*John T. Barker,* Attorney-General, for the State;
*James P. Gilmore* of counsel.

(1)   Inasmuch as the information clearly and suf-
ficiently charges the crime of illegal voting under either
section 4427 or section 6155, R. S. 1909, aside from al-
leging that the voting was feloniously done, we respect-
fully submit that this court should, in this and similar
cases, follow the rule that the information is sufficient,
notwithstanding the former decisions of this court.
Sec. 5115, R. S. 1909; State v. Hilton, 248 Mo. 520;
State v. Wilkerson, 170 Mo. 184; State v. Cronin, 189
Mo. 663; State v. Miller, 190 Mo. 449; State v. Moreaux,
254 Mo. 398; State v. Maurer, 255 Mo. 152; State v.
Perringen, 258 Mo. 236; Richards v. State, 65 Neb.
808; State v. Settle, 57 Conn. 561; Bannon v. United
States, 156 U. S. 464; United States v. Staats, 8 How.
41; State v. Clark, 83 Vt. 305; Wagner v. State, 43
Neb. 1; Reno v. State, 69 Neb. 391; State v. Judd, 132
Iowa, 296; People v. Beatty, 14 Cal. 566; State v. Felch,
58 N. H. 1; Tully v. State, 21 Fla. 242; Durand v. Peo-
ple, 47 Mich. 332; State v. Smith, 31 Wash. 245; Asher
v. Territory, 7 Okla. 188; State v. Grandison, 49 La.
Ann. 1012; Jane v. Commonwealth, 3 Met. (Ky.) 18;
Quigley v. People, 2 Scam. 301; Millie v. People, 2
Scam. 233.   (3)   The information sufficiently advised
appellant of the nature and cause of the accusation
against him.   Authorities under one; Ex parte Siegel,
173 S. W. 1.   (4)   Even if section 6155, R. S. 1909, be
held invalid as to penalty, as in conflict with section
4427 thereof (which should not be done on this record),

265Mo.16

appellant is properly convicted under the latter section, and the conviction must stand. Ex parte Siegel, 173 S. W. 1.

WALKER, J.—Appellant was charged in an information filed by the prosecuting attorney of Jackson county with voting more than once at an election held in Kansas City to determine the question of a proposed extension of a railway franchise. Upon being arraigned he entered a plea of guilty, and was sentenced to two years' imprisonment in the penitentiary. Challenging the sufficiency of the information, he appeals to this court.

The information charges substantially as follows: "That on the 7th day of July, 1914, a special municipal election was held, under the constitution and laws of the State of Missouri, in and for the county of Jackson and city of Kansas City, in the several voting precincts of said city, for the purpose of voting upon a street railway franchise, and that the said Joseph Siegel, *alias* James Foley, being an elector qualified to vote at said election in the second precinct of the First Ward voting precinct did then and there appear at said voting precinct and vote and give his ticket to the judges of said election and cause his name and vote to be entered by the clerks of said election on the poll books, and his ticket to be properly numbered and deposited in the ballot box; and that the said Joseph Siegel, *alias* James Foley, afterwards, to-wit, on the said day and at the same election did appear at the place of holding said election in the fourth precinct First Ward voting precinct in said city, and did then and there unlawfully and intentionally, and by and under the name of James Foley vote and give in his vote and ballot to the judges of said election at said last mentioned voting precinct, and cause his name to be recorded as James Foley and his vote to be entered on the poll books by the clerks of said election, and his said ticket to be properly num-

bered and deposited in the ballot box, and so the said Joseph Siegel, *alias* James Foley, did unlawfully, wilfully, knowingly, and fraudulently at the election aforesaid on the day aforesaid vote more than once. Against the peace and dignity of the State."

The right of the appellant to ask this court to review the record to determine the sufficiency of the information under which he entered a plea of guilty is too well established to admit of controversy, and we therefore leave the matter with the citation of the authorities sustaining this right. [State v. Henschel, 250 Mo. l. c. 269; State v. Kelley, 206 Mo. l. c. 693; State v. Rosenblatt, 185 Mo. l. c. 119.]

**Appeal.**

Preliminary to an analysis of the information to determine its sufficiency, it is necessary to ascertain upon what statute it was drawn. The offense with which the appellant was charged is defined in sections 4427 and 6155, Revised Statutes 1909. So far as the mere words defining the offense in each of these sections are concerned, the information might well be held to have been drawn under either; but section 4427 is general in its nature and operates alike in every portion of the State, while section 6155, although general in form, is limited in its operation to cities of 100,000 and over. Under this state of facts we are confronted with the question as to whether the enactment of that portion of section 6155 defining the same offense as that denounced in section 4427 was authorized. The State Constitution (Sec. 53, art. 4, Constitution) furnishes an explicit answer to this inquiry in providing that where a general law can be made applicable no local or special law can be enacted, and in further declaring that whether a general law can be made applicable or not is a judicial question and as such may be judicially determined regardless of a legislative declaration on the subject.

**Information.**

We are not left, however, to abstract reasoning as to the application of this constitutional provision to

the case here, as this court in State v. Anslinger, 171 Mo. 600, cited with approval in State ex rel. v. Williams, 232 Mo. l. c. 75, has reviewed these sections in a case similar in all its material features to the instant case and has held that where a general law and a special law prescribe punishments of fraud at elections, and the general law provides a certain punishment and the special law a different and a higher punishment for the same offense, the special law will be held to be unconstitutional, since the general law can be made applicable, and that under such circumstances the Legislature is not authorized to enact a special statute, and if a prosecution is instituted thereunder the judgment will be reversed and the cause remanded that the accused may be tried under the general law. The complete application of this ruling to the instant case is rendered apparent when it is shown that the general law, section 4427, fixes the punishment for the offense therein denounced at imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by a fine of not less than fifty dollars, or by both such fine and imprisonment, while the special statute applicable only to cities of 100,000 and over fixes the punishment for the same offense at imprisonment in the penitentiary not less than two years nor more than five years. Thus it appears that the special statute, where it is declared to be applicable, fixes a greater punishment than that prescribed in the general law for the commission of the same offense. There being no reason, either in fact or under the rules of construction, why the general statute cannot be made applicable in every part of the State, the portion of section 6155 defining the offense charged in this information must be held invalid, and the information, therefore, can only properly be held to have been drawn under the provisions of section 4427.

The rule that a statutory offense must be charged in the language of the law creating it is complied with here. In fact, the information follows, in its material allegations, the form of that in State v. Helderle, 203 Mo. 574, which was held sufficient except for an inadvertent omission therefrom.

Notwithstanding the completeness as a statutory charge of the information here, it omits a necessary requisite to validity in that it does not allege that the offense was "feloniously" committed. Not only is the word "feloniously" not used, but it is not attempted to be supplied by any word of similar import, if such substitution were permissible; and, as the offense charged is classified as a felony, rendered so by the punishment prescribed, the use of the word "feloniously" cannot be dispensed with. This is true although the act was not a felony at common law, but has been made so by statute. The only exception to this rule, in other jurisdictions, is where the necessity of its employment has been removed by an express statute. [22 Cyc. 331, and cases cited under note 37.] Evidence of the observance of the rule in Missouri is to be found in a large number of cases, from Jane v. State, 3 Mo. 61, to State v. Dixon, 247 Mo. 668. Whatever may be the rule elsewhere, whether founded upon an express statute or such a construction of the Statute of Jeofails as to render the use of the word not necessary, there is no exception to the necessity of its use in Missouri in any indictment or information where the offense charged is a felony; and while the word "felony" seems, as defined by section 4923, Revised Statutes 1909, to be restricted to capital cases and those punishable by imprisonment in the penitentiary, under numerous rulings of this court it is held to mean any offense for which the accused may, upon conviction, be imprisoned in the penitentiary, although the minimum punishment for same may be a jail sentence or a fine. [State v. Underwood, 254 Mo. l. c. 470; State v. Woodson, 248 Mo. l. c.

706; State v. McGrath, 228 Mo. 1. c. 422; State v. Melton, 117 Mo. 618; State v. Nicholson, 116 Mo. 522; Nathan v. State, 8 Mo. 631.]

In charging a felony, therefore, whether made so by a direct statute or by classification on account of the punishment prescribed, the use of the word "feloniously" is necessary, for the very sufficient reason that its use informs the accused of the nature or grade of crime he is alleged to have committed.

The offense here charged is not alleged to have been committed feloniously, and hence the information is insufficient.

It follows, therefore, that the judgment of the trial court must be reversed and the cause remanded, and it is so ordered. All concur.