THE STATE v. LEE BENNETT, Appellant.

Division Two, February 23, 1923.

1. **INFORMATION: Larceny: Fatal Defect.** An information which fails to allege that the property described therein was feloniously stolen and which does not allege that it was taken with a felonious intent, does not charge a felony, and will not support a verdict fixing the punishment at two years' imprisonment.

2. **LARCENY: Corpus Delicti: Circumstantial Evidence: Instruction.** Where the *corpus delicti,* both as to the larceny and defendant's criminal connection therewith, is attempted to be shown by circumstantial evidence, and he denies the theft and claims to have bought the stolen goods from a junk dealer in another state, he is entitled to an instruction relating to the law of circumstantial evidence.

3. ———: **Recent Possession of Stolen Goods: Presumption of Guilt.** An instruction telling the jury that the possession by defendant of goods recently stolen is presumptive evidence that he stole them, and that such possession, if not satisfactorily rebutted by other

State v. Bennett.

facts and circumstances in evidence, will warrant a verdict of guilty of the larceny, is error. [Following State v. Swarens, 294 Mo. 139.]

4. ———: **Demurrer to Evidence.** Where the evidence of defendant's guilt of the crime of larceny charged is substantial, his demurrer to the evidence should be overruled.

Appeal from Atchison Circuit Court.—*Hon. John M. Dawson,* Judge.

REVERSED AND REMANDED.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis, Assistant Attorney-General,* for respondent.

(1) The information is fatally defective in that it fails to allege that the property was feloniously stolen or in any manner charges a felonious intent. Sec. 3312, R. S. 1919; Jane v. State, 3 Mo. 61; State v. Casteel, 53 Mo. 126; State v. Weldon, 70 Mo. 574; State v. Siegel, 265 Mo. 239, 245; State v. Muir, 186 S. W. 1047. (2) The forms of the verdict and judgment are good. State v. Martin, 230 Mo. 681, 691.

RAILEY, C.—On August 15, 1921, the Prosecuting Attorney of Atchison County filed in the circuit court of said county a verified information, which reads as follows:

"Thomas M. Bailey, Prosecuting Attorney within and for the County of Atchison and State of Missouri, under his oath of office informs the court that Lee Bennett and Joseph Bridges on or about the 31st day of May A. D. 1921, at the County of Atchison in the State of Missouri, 65 silk blouses of the value of five dollars each, 10 silk petticoats of the value of three dollars each, fourteen bolts of silk of the value of fifteen dollars each, and one voile dress of the value of four dollars, and all of the aggregate value of five hundred and sixty-nine dollars, of the personal property, goods and chattels of the Golden Rule Store, B. F. Coughlan, sole owner, then and

State v. Bennett.

there steal, take and carry away; against the peace and dignity of the State.''.

A severance was granted, defendant Lee Bennett placed upon trial and, on November 28, 1921, the jury before whom this case was tried returned into court the following verdict:

''We, the jury, find the defendant guilty, and we assess his punishment at imprisonment in the penitentiary for the period of two years.''

Defendant in due time filed a motion for a new trial, which was overruled. He was thereafter sentenced, judgment entered upon the verdict aforesaid, and the cause duly appealed to this court.

A transcript was filed in this court on August 30, 1922, which did not contain the evidence adduced at the trial, nor did it show that a bill of exceptions was filed in the cause. The Attorney-General, on the record thus presented, briefed the case on the theory that the record proper alone could be considered. Afterwards, on December 28, 1922, appellant filed in this court a complete transcript of the record and proceedings in the cause, which discloses that the bill of exceptions herein was filed in the Circuit Court of Atchison County, on November 27, 1922.

The evidence on behalf of the State tends to show that, on May 31, 1921, B. F. Coughlan owned a stock of goods at Hamburg, Iowa, then and there under the control of his brother, H. M. Coughlan; that certain silks and other goods, of the value of more than $30, were taken from said store on the night of May 31, 1921, without the knowledge or consent of said Coughlans, or either of them; that shortly afterwards the property aforesaid was found concealed in a beer box in Atchison County, Missouri, and possession of same was taken by the sheriff of said county; that said goods contained the mark used by said Coughlans in fixing the cost and selling price of same; that soon after said goods were taken, defendant Bennett talked with H. M. Coughlan at said store in Hamburg, and said he was not guilty, but wanted to know

what Coughlan would accept in money for the damage done, as it would be cheaper for him to pay what the store had been damaged than to incur the expense of a trial.

The sheriff testified that defendant Bennett told him that he brought these goods to Charlie Harmon's, where they were found, and that Joe Bridges was not connected with them; that he (defendant) never stole the goods, but bought them from a junk dealer in Nebraska; that he found the goods on Charlie Harmon's premises in the edge of the timber, in Atchison County, Missouri; that the goods were identified by Coughlan and taken to Hamburg, Iowa; that it was about seven miles from where the goods were found to Hamburg.

Other testimony along the same line was offered by the State.

The testimony offered in behalf of defendant tended to show that he did not steal the goods in controversy; that he was elsewhere on the night of the theft, and that he bought the goods from a junk dealer in Nebraska and brought them to Atchison County, Missouri.

The rulings of the court and the instructions will be considered, as far as necessary, in the opinion.


I.   The information is heretofore set out and speaks for itself.   The Attorney-General and the Assistant Attorney-General, in their brief, concede that said informa-

Information.    tion is fatally defective, in that it fails to allege that the property described therein was feloniously stolen, nor does it allege that the same was taken with a felonious intent.   Several authorities are cited in respondent's brief in support of the above suggestion which will be referred to later.

Sections 3685 and 3312, Revised Statutes 1919, relating to grand larceny, read as follows:

"Sec. 3685.   Every person who shall steal, or obtain by robbery, the property of another in any other state or country, and shall bring the same into this State, may be convicted and punished for larceny in the same man-

297 Mo.—13

ner as if such property had been feloniously stolen or taken in this State, and in any such case the larceny may be charged to have been committed, and every such person may be indicted and punished, in any county into or through which such stolen property shall have been brought.

"Sec. 3312. "Every person who shall be convicted of feloniously stealing, taking and carrying away any money, goods, rights in action, or other personal property, or valuable thing whatsoever of the value of thirty dollars or more, or any horse, mare, gelding, colt, filly, ass, mule, hog or neat cattle belonging to another, shall be deemed guilty of grand larceny; and dogs shall for all the purposes of this chapter be considered personal property."

The contention of respondent, as to the information being fatally defective, is clearly sustained by an unbroken line of decisions in this State, some of which are as follows: Jane v. State, 3 Mo. 61; State v. Murdock, 9 Mo. 739; State v. Gilbert, 24 Mo. 381; State v. Deffenbacher, 51 Mo. 26; State v. Clayton, 100 Mo. 1. c. 519; State v. Willard, 219 Mo. 721; State v. McGrath, 228 Mo. 1. c. 422; State v. Siegel, 265 Mo. 239, 177 S. W. 353; State v. Muir, 186 S. W. (Mo.) 1047; State v. Hodges, 234 S. W. (Mo.) 1. c. 790.]

II.   As the case must be remanded for a new trial, we deem it proper to call attention to the fact that the *corpus delicti* in this case was attempted to be shown, both as to the larceny, and defendant's criminal agency in respect to same, by circumstantial evidence. The statements of defendant to the effect that he brought the goods in controversy to Atchison County, Missouri, were properly received in evidence, in connection with the other facts but, as he denied the theft and claimed to have bought the goods from a junk dealer in Nebraska, the State was put to its proof. The evidence relied upon by the State as to both branches of the *corpus delicti* was purely circum-

Circumstantial
Evidence.

stantial and, hence, the defendant was entitled to an instruction relating to the law of circumstantial evidence. '[State v. Miller, 237 S. W. (Mo.) 1. c. 501; State v. Swarens, 241 S. W. 934-5.]

III.  Instruction numbered 4, given by the court, reads as follows:

"4.  If the jury believe from the evidence that the goods mentioned in evidence were stolen from the Golden Rule store in Hamburg, Iowa, on or about the 31st day of May, 1921, and recently afterward any part of the goods or property so stolen was found in the possession of the defendant, such possession of said property would be presumptive evidence that defendant stole the goods, and if not satisfactorily rebutted by other facts and circumstances in proof such possession would warrant a verdict of guilty as to the larceny. The presumption of guilt  arising from the mere naked fact of possession of the stolen goods when not corroborated or strengthened by other evidence as to the commission of the offense would be rebutted by the proof of an alibi; that is, by evidence that defendant was at some other place when the goods were stolen. Therefore you are instructed that although you may believe that defendant was found in possession of the goods mentioned in evidence recently after they were stolen, yet if you further believe from the evidence that at the time said goods were stolen, defendant was not present but was somewhere else, you should acquit the defendant."

*Presumption of Guilt.*

The former rulings of this court, followed in the above instruction, were overruled by our Court in Banc, in the recent case of State v. Swarens, 294 Mo. 139, where suggestions are made as to what an instruction on the above subject should contain.  The above ruling in State v. Swarens has since been followed, in State v. Tracy, 294 Mo. 372, and State v. Barker, 294 Mo. 303.

IV. The defendant's demurrer to the evidence was
properly overruled, as the record discloses
substantial evidence as to his guilt under
a proper information.

**Demurrer.**

On account of the errors heretofore pointed out, the
cause is reversed and remanded for a new trial. *Davis*
and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY,
C., is hereby adopted as the opinion of the court. All of
the judges concur; *White, J.,* in the result.