THE STATE vs. MURDOCK.

An offence which is made felony by statute, whether it were a felony at common law or not, must be charged to have been committed *feloniously.*

ERROR to St. Charles Circuit Court.

COALTER, for Plaintiff,

Insists that this court has jurisdiction of this case. This court is a tribunal created by the constitution, and where powers are conferred, and duties devolve upon it, by the constitution, no enactment of the legislature can take them away.

The constitution, article 5th, sec. 3, says this court shall exercise a general superintending control over all inferior courts of law.

The revised code of 1835, page 158, sec. 33, gives all courts power to issue all writs necessary to carry into effect their jurisdiction. In the case of the State vs. Foster, 2 Mo. R., page 210, the court entertain a writ of error in favor of the State, reverse the judgment of the circuit court, and render the judgment against the accused, which the circuit court ought to have rendered. In the case of Clinton vs. Dugall, the court assert the duty of this tribunal to exercise its superintending control over inferior tribunals.

The only question in this case is, as to how the court will get jurisdiction of the person of the defendant. And I believe that under the 33d section, page 158, of the revised code referred to above, the court will order a capias to bring in the person of the defendant.

EDWARD BATES, for Defendant.

I suggest some preliminary objections, either one of which, if valid, will make it needless to examine whether the motion in arrest was rightfully or wrongfully sustained.

1. Murdock is not a party lawfully before the court, so as to give the court jurisdiction over his person. He cannot appear by attorney, and no step has been taken, or can now be taken, to coerce his personal attendance.

2. This bill of exceptions is no part of the record, and must be wholly disregarded by this court.

3. The sustaining of the motion in arrest, is not of itself a final judgment; and if not final, is not the subject of appeal or writ of error.

4. The law plainly prescribes what judgment this court shall give when it reverses the judgment in a criminal cause, and such judgment is not appropriate to this case.

SCOTT, J., delivered the opinion of the Court.

Murdock was indicted and convicted for having in his possession counterfeit coins, with intent to utter them as true. The offence was not charged to have been done feloniously, nor was that word used in the indictment. The judgment was arrested, and the State has sued out this writ of error.

The having in one's possession counterfeit coins, with intent to utter them as true, is made a felony by our statute. Every offence which is

made a felony by statute, must be charged to have been done feloniously, whether it was a felony by common law or not. The word feloniously is indispensably necessary in all indictments for felony; whether statutory or by common law.

The other Judges concurring, the judgment will be affirmed.