THE STATE, Respondent, v. GILBERT (A SLAVE), Appellant.

1. An indictment, under section 57 of article 3 of the act concerning Crimes and Punishments (R. C. 1845, p. 364), against a negro slave for maliciously killing a mare, must charge the act to have been done "feloniously."

*Appeal from Polk Circuit Court.*

*F. P. Wright,* for appellant, cited State v. Murdock, 9 Mo. 730; Lucy (a slave) v. The State, 8 Mo. 134; 7 Mo. 183; State v. Comfort, 5 Mo. 357; The State v. Helm, 6 Mo. 263.

*Ewing,* attorney general,) for the State.

SCOTT, Judge, delivered the opinion of the court.

The defendant, a slave, was indicted under the 57th section of the 3d article of the act concerning Crimes and Punishments, for wilfully and maliciously cutting the throat of a mare, the property of Charles Crane, whereby she was killed. After a trial and conviction, a motion was made in arrest of judgment,

on the ground of defects in the indictment. This motion was overruled, and an appeal was taken to this court.

The indictment was for a felony, and was clearly bad for want of the word "*feloniously*." Nothing is better settled than that in all indictments for felonies, the criminal act must be alleged to have been feloniously done. (State v. Murdock, 9 Mo. 730.)

It was hinted that the indictment might be sustained under the 38th section of the 8th article of the act concerning Crimes and Punishments. (R. C. 1845.) Without inquiring whether such is the case, it is enough to remark that the section to which reference is made constitutes the act therein prohibited a misdemeanor ; and slaves for a misdemeanor are not liable to an indictment, but must be proceeded with before a justice of the peace of the county in which the offence is committed. (Secs. 27 & 28, art. 9, R. C. 1845, p. 413.) The other judges concurring, the judgment will be reversed.