THE STATE OF MISSOURI, Respondent, v. BENJAMIN DEFFEN-BACHER, Appellant.

1. *Criminal law — Indictment — Motion in arrest — Allegation that act was done feloniously.*— An indictment under the statute (Wagn. Stat. 462, § 5) for killing a bull, which fails to allege that the act was done "feloniously," is defective and subject to motion in arrest.

### Appeal from Ripley Circuit Court.

*S. M. Chapman*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

It is unnecessary to examine the objections urged to the rulings of the court on the trial, as we think the indictment is defective, and the motion in arrest should have been sustained. The defend-

ant was indicted under the statute (Wagn. Stat. 462, § 55) for willfully and maliciously killing a bull; but there was no allegation in the indictment that the act was done feloniously.

The section provides that upon conviction the punishment for the act shall be as declared in the next preceding section; namely, "Imprisonment in the penitentiary not exceeding three years, or in the county jail not less than six months, or by fine not less than $250, or by both a fine not less than $100, and imprisonment in the county jail not less than three months."

The term "felony," when used in the statute, is "construed to mean any offense for which the offender, on conviction, shall be liable, by law, to be punished with death or imprisonment in the penitentiary, and no others." (Wagn. Stat. 516, § 33.)

This provision was construed in the case of Johnson v. The State, 7 Mo. 183, and it was held that a statutory felony is an offense for which a party, on conviction, *may* be imprisoned in the penitentiary, and not where, on conviction, he *must* be so imprisoned.

It is the settled law of this State that an offense which is made felony by statute, whether it were a felony at common law or not, must be charged to have been committed feloniously. (The State v. Murdock, 9 Mo. 730.) The word "feloniously" is indispensably necessary in all indictments for felony.

As the indictment was for a felony, and did not charge that the offense was feloniously committed, it was obviously bad, and the court erred in not sustaining the motion in arrest of judgment. For which reason the judgment will be reversed and the defendant discharged.

Judge Adams concurs.   Judge Bliss absent.