## THE STATE v. MINNIE DIXON, Appellant.

### Division Two, February 19, 1913.

1. **INFORMATION:** Felony: Word "Feloniously" Omitted. An information charging acts which the statute denounces a felony should charge that the acts constituting the crime intended to be charged were feloniously done, and if it fails to so charge a conviction thereunder cannot stand.

2. ————: ————: ————: Bawdy House: Keeping Girl Under Eighteen. An information, attempting to charge that defendant was a keeper of a common bawdy house and permitted a certain female under eighteen years of age to enter and remain in said bawdy house, without charging that said act was feloniously done, is bad under a statute which makes said act a felony, although the statute does not use the word "felonious" or "feloniously."

Appeal from Buchanan Circuit Court.—*Hon. W. C. Ellison,* Judge.

REVERSED AND REMANDED.

*Linn & Heffley* and *Elliott Spalding* for appellant.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

FARIS, J.—The defendant, a woman, and the keeper of a common bawdy house in the city of St. Joseph, was prosecuted by information, duly verified, and filed by the prosecuting attorney of Buchanan county, under the provisions of section 4759, Revised Statutes 1909, for permitting a female under the age of eighteen years to enter into and re-

Permitting Girl to Enter Bawdy House.

main in a common bawdy house. She was duly arraigned, pleaded not guilty, but upon a trial had by a jury she was found guilty and her punishment assessed at imprisonment

in the penitentiary for a term of two years. Sentence was duly imposed in pursuance of said verdict, and, after taking the usual steps of filing a motion for a new trial and a motion in arrest of judgment, an appeal was prosecuted to this court.

Defendant, by her motion in arrest, challenges the sufficiency of the information filed herein by the prosecuting attorney of Buchanan county. This information, omitting caption and formal parts, is as follows:

"Corry C. Ferrell, prosecuting attorney within and for Buchanan county, in the State of Missouri, upon information and belief, and upon his oath, informs the Criminal Court of Buchanan county that on or about the 1st day of November, 1911, at said county, Minnie Dixon was the keeper and person in charge of a certain building then and there ordinarily used by the said Minnie Dixon as a common assignation house and common bawdy house, and the said Minnie Dixon then and there permitted one Edna Frampton, a female then and there under the age of eighteen years, to-wit, of the age of sixteen years, to enter into and remain in said common assignation house and common bawdy house, against the peace and dignity of the State."

**Information.**

In the view which we take of this case it is not necessary to discuss any other questions raised

## OPINION.

A reading of the information discloses the fact that it nowhere charges that the acts alleged to have been committed by defendant, or any of them, were committed "feloniously." The word *feloniously* nowhere appears in the information. While the statute upon which this prosecution is bottomed does not mention the word "felonious" or "feloniously," yet it does say that the facts set out therein constitute a felony, and that they render the person doing them

**Necessity of Word Feloniously.**

guilty of a felony, and liable to imprisonment in the penitentiary for a term not less than two years nor more than ten years. No other penalty is affixed by this statute save and except punishment in the penitentiary.

The rule that an indictment or information charging acts which are denominated felonies by the statute should allege that the act or acts constituting and going to make up the crime intended to be charged, should charge said acts to have been done *feloniously*, has been in force in this State for many years. There seems to be no holding otherwise. If an indictment or information does not so charge (and the information in the case at bar utterly fails to charge it), then such indictment or information has always been held in this State to be bad. [State v. Feazell, 132 Mo. 176; State v. Gilbert, 24 Mo. 380.]

This view renders it unnecessary to consider the other questions raised. It results, therefore, that this case ought to be reversed and remanded, and we so order. *Brown, P. J.,* and *Walker, J.,* concur.