THE STATE v. BERNARD WHALEN, Plaintiff in
Error.

Division Two, February 23, 1923.

1. **MOTION FOR NEW TRIAL:** After Sentence and Adjournment.
A motion for a new trial filed by defendant after he has been
sentenced in accordance with the verdict of the jury and after
the court has adjourned until the next regular term comes too
late, and where the record shows that it was not filed until after
sentence and final adjournment nothing but the record proper
can be considered on a writ of error. The statute (Sec. 4079, R.
S. 1919) requiring the motion for a new trial to be filed before
judgment and within four days after verdict and before the end of
the term is mandatory.

2. ———: ———: **Impeaching Record Recitals by Affidavits.** Where
the record shows that defendant was convicted on May 2nd, that
he was sentenced on May 3rd, and that after the court adjourned
to the next regular term the defendant on May 5th filed his motion
for a new trial and an application for an appeal, said record re-
citals cannot be impeached by affidavits filed in the Supreme Court
in connection with his writ of error tending to show that the de-
fendant and his attorney had information from the trial judge,
before court was finally adjourned, to the effect that the court
would not adjourn until May 6th; that on May 5th said attorney
prepared, and offered to file with the clerk, motions for a new
trial and in arrest of judgment; that the trial judge directed the
clerk on said May 5th, as was the custom, to let the record show
the filing of said motions and application and the granting of an
appeal as of May 2nd, before the sentence was pronounced, and
that the clerk failed or refused to make an entry in accordance
with said direction. The solemn record of the circuit court, thus
showing that the motions and application were filed in vacation,
cannot be impeached in a collateral proceeding by affidavits *dehors*
the record; and upon the subsequent suing out of a writ of error,
nothing can be considered except the record proper.

3. **INFORMATION:** Burglary: Entering Bank Building: Omission of
Feloniously. An information charging that defendant "did then
and there break into and enter said bank building by breaking
through the outer window of the same, and entering in thereat,
and with the intent unlawfully, feloniously and burglariously to
take, steal and carry away the money, notes, checks, bonds, goods,
297 Mo.—16

wares, merchandise and other valuable things in said bank build-
ing kept and deposited" does not charge felonious burglary, and
will not support a verdict finding defendant guilty of burglary in
the second degree and assessing his punishment at imprisonment
for twenty years. It is not enough that the information sufficient-
ly charges larceny. Where defendant was not convicted of larceny,
but was convicted of burglary in the second degree, the informa-
tion, in order to sustain such verdict, must affirmatively charge
that the defendant did feloniously and burglariously break into
and enter said bank building.

Appeal from Franklin Circuit Court.—*Hon. R. A. Breu-
er,* Judge.

REVERSED AND REMANDED.

*Lawrence McDaniel* and *Ira H. Lohman* for plain-
tiff in error.

(1) The information in this case is insufficient to
support the conviction and sentence upon which plain-
tiff in error was convicted. The information charges
that defendants ''did then and there break into and enter
said bank building by breaking through the outer win-
dow of the same, and entering in thereat, and with the
intent unlawfully, feloniously and burglariously to take,
steal and carry away the money, notes, checks, bonds,''
etc. The defendant stands convicted of burglary in
the second degree, and not of larceny. Burglary is not
properly charged in the information. Larceny is prop-
erly charged, but the defendant is convicted of burglary
and not larceny, and the information as to burglary will
not support the conviction, and the judgment of con-
viction and the sentence based upon such verdict, is,
from the record proper, erroneous. Kelley's Crim. Law
and Pr. (3 Ed.) sec. 609; 2 Archibold's Crim. Pl. & Pr.
(7 Ed.) pp. 263, 264; State v. Moss, 216 Mo. 438; State
v. Maguire, 193 Mo. 220; State v. Watson, 141 Mo. 339;
State v. Taylor, 136 Mo. 69; State v. Tyrell, 98 Mo. 356;
State v. Tutt, 63 Mo. 596; State v. Dixon, 247 Mo. 670;
State v. Feaster, 25 Mo. 327; State v. Herrell, 97 Mo.
108; State v. Deffenbacher, 51 Mo. 27; State v. Wilden,

70 Mo. 575; State v. Turner, 106 Mo. 277; State v. Murdock, 9 Mo. 731; State v. Terry, 30 Mo. 371; State v. Hendrickson, 165 Mo. 265; State v. Duncan, 237 Mo. 201; State v. Dooly, 64 Mo. 148; State v. Gilbert, 24 Mo. 381. (2) The verdict, as incorporated in the judgment, does not find the issues presented by the information, and is silent on some element of the offense. No valid judgment can be rendered upon it, and it should be set aside. Plaintiff in error was charged with both burglary and larceny by the information. There is no verdict on the larceny charge, nor is the proper charge made in the information as to the burglary upon which the plaintiff in error was convicted and sentenced. State v. McGeebal, 181 Mo. 312; State v. McCune, 209 Mo. 399; State v. Logan, 209 Mo. 401; State v. Rowe, 142 Mo. 442; State v. Miller, 255 Mo. 230; State v. Modlin, 197 Mo. 379; State v. DeWitt, 186 Mo. 68; 22 Ency. Plead. & Prac. 873; 2 Bishop's New Crim. Proc. (2 Ed.) sec. 1005. (3) The defendant was convicted by the jury at nine o'clock in the evening of May 2nd. He was sentenced at about 9:30 the next morning. Court adjourned that day. Defendant objected to being sentenced in the absence of his counsel, stated that he wanted to appeal, and although defendant's counsel was advised by the court that it would be in session until May 6th, and although the motion for a new trial was filed on May 5th, yet court adjourned May 3d. Under this state of facts defendant had no opportunity to file a motion for a new trial before court adjourned and the evidence in this case should be reviewed. State v. Guerringer, 265 Mo. 416.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for defendant in error.

(1) The motion for new trial not having been filed during the term at which the defendant was tried, the Supreme Court will review only the record proper and will not consider affidavits filed with the transcript to

supplement it. Sec. 4079, R. S. 1919; State v. Fawcett, 212 Mo. 735; St. Louis v. Glennon, 229 S. W. 205. (2) Where the transcript of the record does not show the filing of a bill of exceptions, the Supreme Court will review only the record proper. State v. George, 221 Mo. 519; State v. Bowman, 213 S. W. 97. (3) The information charges that the breaking into and entering of the bank building was done with a felonious and burglarious intent. It is in the language of the statute and fully apprises the defendant of the nature and character of the charge he was required to meet. Sec. 3298, R. S. 1919; State v. Bond, 191 Mo. 567; State v. Madison, 177 S. W. 348; Dillard v. State, 3 Heisk. (Tenn.) 268; 22 Cyc. 333. (4) The silence of a verdict as to one of the crimes charged in the information upon which an accused is tried operates as an acquittal of that charge. State v. Meyer, 221 S. W. 775; State v. Patterson, 116 Mo. 511; State v. Hays, 78 Mo. 600. (a) If a defendant has been acquitted on the merits of a charge he has been in jeopardy as to that charge and may plead the acquittal in bar of a subsequent accusation. Sec. 3695, R. S. 1919; State v. McWilliams, 267 Mo. 451. (b) Where a defendant is charged with burglary and larceny the jury may find him guilty of the burglary alone, although the evidence establishes the larceny also. State v. Howard, 203 Mo. 600.

RAILEY, C.—On February 10, 1921, the Prosecuting Attorney of Franklin County, Missouri, filed in the circuit court of said county his verified information, which, without caption, signature and jurat, reads as follows:

"Fred H. Kasmann, Prosecuting Attorney within and for the County of Franklin and the State of Missouri, upon his official oath as such prosecuting attorney, informs the court that on the 8th day of February, 1921, in the village of St. Clair at and in the County of Franklin and State of Missouri there was situated a certain bank building known as the Farmers & Merchants Bank

and belonging to a corporation named and called the Farmers & Merchants Bank, in which said building there was then and there at the time a large amount of money, notes, checks, bonds, goods, wares, merchandise and other valuable things kept and deposited; that John Maloney, Walter Casey, Robert Hays, George E. Ayers, John Thomas, Roy Davis, Bernard Whalen and Charles S. Barrington, did then and there break into and enter said bank building by breaking through the outer window of the same and entering in thereat, and with the intent unlawfully, feloniously and burglariously to take, steal and carry away the money, notes, checks, bonds, goods, wares, merchandise and other valuable things in said bank building kept and deposited, and then and there in said bank building, thirty-two dollars and thirty cents lawful money of the United States of the value of thirty-two dollars and thirty cents and the property of the said banking corporation, in said banking house then and there being found, the said John Maloney, Walter Casey, Roberts Hays, George E. Ayers, John Thomas, Roy Davis, Bernard Whalen and Charles S. Barrington unlawfully, feloniously and burglariously did then and there take, steal, carry away and convert to their own use, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.''

Defendant was arraigned on May 2, 1921, entered a plea of not guilty, was tried before a jury on said second day of May, 1921, and the following verdict was returned:

''We, the jury, find the defendant guilty of burglary in the second degree and assess his punishment at twenty years in the penitentiary.''

The record proper recites that on the 3rd day of May, 1921, said defendant was duly sentenced and judgment entered on the verdict aforesaid. The record proper further recites that after the adjournment of said circuit court until the next regular term thereof, and during the vacation of said court, on May 5, 1921, defendant filed his motion for a new trial and an affidavit for appeal.

On August 3, 1921, defendant filed his bill of exceptions in said cause, which has been certified to this court.

A writ of error was sued out on February 13, 1922, and said writ, with the return of the circuit clerk thereon, was filed in this court on October 11, 1922.

On December 12, 1922, said defendant filed with the clerk of this court, his own affidavit and that of his attorney, tending to show that they had information from the trial judge, before court was finally adjourned, to the effect that said court would not adjourn until May 6, 1921; that on May 5th, defendant's attorney prepared, and offered to file with the clerk of said circuit court, motions for a new trial and in arrest of judgment, and also an affidavit for appeal; that the circuit judge on said 5th day of May, 1921, directed the circuit clerk, as was the custom, to let the record show the filing of said documents and the granting of an appeal as of May 2, 1921, before the sentence of defendant. The clerk either failed or refused to make said entry.

It is contended by defendant in error that the record proper alone can be considered in this proceeding, and that the record entries showing the filing of said documents after the adjournment of the court for the term, cannot be overturned by affidavits filed in this court.

I. It is contended by respondent that there is nothing in this case for review, except such matters as may arise upon a consideration of the record proper. It clearly appears from the record proper that on May 3, 1921, defendant was sentenced and judgment of conviction entered in accordance with the verdict of the jury. It further appears from said record that after the court had adjourned for the term the defendant, on May 5, 1921, filed his motion for a new trial, etc. Section 4079, Revised Statutes 1919, relating to motions for new trials in criminal cases, reads as follows:

"The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be

filed before judgment and within four days after the
return of the verdict or finding of the court, if the term
shall so long continue; and if not, then before the end of
the term, and shall be heard and determined in the same
manner as motions for new trials in civil cases.''

The above section has been uniformly declared man-
datory in respect to above requirements. [State v. Faw-
cett, 212 Mo. 729; State v. Fraser, 220 Mo. 34; State v.
Kile, 231 Mo. 59; State v. Standley, 232 Mo. 23.]

II.   Counsel for appellant seek to overturn the plain
provisions of foregoing statute, by affidavits filed here,
which are *dehors* the record, based upon extrinsic mat-
ters which occurred between defendant's counsel, the
judge of the court and the clerk thereof, as heretofore
set out.   We are of the opinion that the
Impeached by solemn record of the circuit court, showing
Affidavits.. that the motions and affidavit of defendant
were filed in the vacation of the court, after the regular
term had adjourned, cannot be impeached in this col-
lateral proceeding by affidavits. [Atkinson v. Ry. Co.,
81 Mo. 1. c. 54; Stimson v. Mining & Smelting Co., 264
Mo. 1. c. 205, 174 S. W. 1. c. 423; Fitzgerald v. De Soto
Special Road Dist., 195 S. W. (Mo.) 1. c. 696-7.]   It was
the duty of the defendant's counsel to see that his mo-
tions were filed in time, and that a proper record entry
of same was made. [Bostick v. McIntosh, 213 S. W.
(Mo.) 1. c. 459, paragraph 4.]   The case must, therefore,
be disposed of here on the record proper.

III.   The sufficiency of the information relating to
the crime of burglary for which defendant was con-
victed is challenged by his counsel.   It is heretofore set
out in full, and need only be referred to as occasion re-
quires.   That part of it relating to burglary
Information. in the second degree, in describing the acts of
defendant, and others, charges that they ''did then and
there break into and enter said bank building by break-
ing through the outer window of the same, and entering

in thereat, and with the intent unlawfully, feloniously and burglariously to take, steal and carry away the money, notes, checks, bonds,'' etc.   As suggested by counsel for the State in their brief, this prosecution is based upon Section 3298, Revised Statutes 1919, which reads as follows:

"'Every person who shall break and enter into any banking house or bank building in ,which there shall be at the time any money, notes, checks, goods, wares, merchandise or other valuable things kept or deposited, with intent to steal, or commit any felony therein, shall on conviction, be adjudged guilty of burglary in the second degree.''

Larceny is sufficiently charged in the information, but as defendant was convicted of burglary in the second degree, in order to sustain the conviction it must affirmatively appear from the information that defendant did feloniously and burglariously break into and enter said bank building, etc.

In Section 609 at pages 536-7, of Kelley's Criminal Law and Practice (3 Ed.), where a form for informations of this character is set out, it clearly appears that the pleader should charge the defendant with feloniously and burglariously having entered said bank building. The law as above stated has been recognized and followed in this State in an unbroken line of decisions, some of which are as follows:   State v. Tracy, 243 S. W. 173; State v. Moten, 276 Mo. l. c. 356-7, 207 S. W. l. c. 769; State v. Siegel, 265 Mo. l. c. 245, 177 S. W. l. c. 354; State v. Dixon, 247 Mo. l. c. 669-670; State v. Duncan, 237 Mo. l. c. 201-2; State v. Moss, 216 Mo. l. c. 438-441; State v. McGuire, 193 Mo. l. c. 220; State v. Hendrickson, 165 Mo. l. c. 264; State v. Watson, 141 Mo. l. c. 339; State v. Taylor, 136 Mo. l. c. 68-9; State v. Feazell, 132 Mo. 176; State v. Tyrrell, 98 Mo. 354; State v. Herrell, 97 Mo. l. c. 108; State v. Weldon, 70 Mo. l. c. 574-5; State v. Dooly, 64 Mo. 146; State v. Tutt, 63 Mo. l. c. 596; State v. Deffenbacher, 51 Mo. 26; State v. Terry, 30 Mo. l. c. 371; State v. Feaster, 25 Mo. l. c. 327; State v. Gilbert, 24 Mo. l. c.

381; State v. Murdock, 9 Mo. 739. Many of the foregoing authorities sustain the form of the information in cases of this character as presented in Kelley's Criminal Law, supra. Others, in terms, and in legal effect, hold, that the information herein is insufficient, because it does not allege that defendant feloniously and burglariously entered the bank building, etc.

Upon a consideration of all the authorities on this subject, we have reached the conclusion that the information aforesaid is fatally defective, and insufficient to sustain the conviction herein.

IV. For the reasons heretofore stated, the cause is reversed and remanded. *Reeves* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAI-LEY, C., is hereby adopted as the opinion of the court. All of the judges concur.