THE STATE v. CHARLES BURTON, Appellant.—22 S. W. (2d) 1049.

Division Two, December 11, 1929.

*C. E. Ernst* for appellant.

*Stratton Shartel,* Attorney-General, and *A. M. Meyer,* Assistant Attorney-General, for respondent.

WHITE, J.—Information was filed in the Circuit Court of Gentry County on June 21, 1928, charging that the defendant did sell and give away hootch, moonshine and corn whiskey. On the trial, Sep-

tember 25, 1928, a jury found him guilty, and assessed his punishment at five hundred dollars and imprisonment in the county jail for six months. From the judgment following he appealed in due form.

I. The principal point upon which the appellant seeks the reversal is that the information fails to state any offense under the statute. It is as follows:

"George P. Adams, Prosecuting Attorney within and for Gentry County, in the State of Missouri, on his oath of office informs the Court that Charles Burton on or about the 13th day of May A. D. 1928, at the said County of Gentry and State of Missouri, did sell and give away, intoxicating liquor, to-wit: 'hootch,' 'moonshine' and 'corn whiskey,' contrary to the form of the Statute in such cases and provided against the peace and dignity of the State.

"GEORGE P. ADAMS,

"Prosecuting Attorney within and for Gentry County, Missouri."

The precise point made by the appellant is that the information fails to state that the act of selling or giving away intoxicating liquor was done "feloniously."

The authorities are in conflict as to whether in charging a crime the indictment or information should state that the act was accomplished feloniously. [31 C. J. 699-703.] The weight of the better reasoned authority seems to be this: If the information or indictment charges that certain acts are done, which of themselves constitute a felony, it is not necessary to allege that the acts were done feloniously. But, if the acts do not in themselves describe a felony, then it is necessary to say that they were done feloniously. In leading cases in this State it has been held that in any event the charge must state that the act complained of was done feloniously. [State v. McGrath, 228 Mo. l. c. 422; State v. Siegel, 265 Mo. l. c. 245.]

The rule, however, is that an *instruction* which requires a finding of the facts necessary to constitute the crime charged need not say that the jury must find the acts were done feloniously or with a felonious intent. [State v. Rader, 262 Mo. l. c. 134; State v. Tipton, 307 Mo. l. c. 514, 515.] There is no valid reason for such a distinction. If an instruction is sufficient without the use of the word "felonious" or "feloniously" where it requires a finding that certain acts, which constitute a felony, were done, why may not the word "felonious" or "feloniously" be omitted in any information in like case?

We have consistently ruled in cases involving the violation of the intoxicating liquor statutes, that an information in the language of the statute is sufficient. [State v. Fenley, 309 Mo. 534; State v.

Knight, 300 S. W. 719; State v. McGinnis, 7 S. W. (2d) 259.] The information in this case is in the exact language of Section 21 of the Act of 1923. No such word as feloniously, unlawfully or knowingly is used in the section. The act of selling is made a felony regardless of the purpose or manner of the act. In the legislative mind, as shown in this section, the felonious intent is implied in the conscious performance of the unlawful act. The statute condemns the act, though defendant may have thought his act harmless or lawful.

II. The proviso in Section 21 of the Act of 1923 makes an exception in favor of corn whiskey lawfully manufactured, transported or sold. The proviso is a separate and distinct sentence, disconnected from the part describing the offense. It was therefore not necessary to negative that exception in the information. [State v. Williams, 296 S. W. 1. c. 156.]

The judgment is affirmed. All concur; *Walker, J.*, in result.