THE STATE v. JESSE PRYOR, Appellant.—119 S. W. (2d) 253.

Division Two, August 17, 1938.

*Frederic H. Maughmer* for appellant.

952

*Roy McKittrick*, Attorney General, and *W. J. Burke*, Assistant Attorney General, for respondent.

COOLEY, C.—Appellant was charged by information filed in the Circuit Court of Gentry County with burglary and larceny in that, it is alleged, he burglariously broke into and entered a barn belonging to one Clyde McMillen with intent to steal and did steal seven fleeces of wool. Upon trial he was found guilty of burglary, with punishment assessed by the jury at three years' imprisonment in the penitentiary, and not guilty of grand larceny. In accordance with the verdict he was sentenced to three years' imprisonment and has appealed.

Appellant challenges the sufficiency of the information, which, omitting caption, signature and verification, reads:

"Comes now E. L. Redman, Prosecuting Attorney within and for Gentry County, Missouri, on his oath of office, on his hereto appended oath, and on his own information and belief informs the court and charges that Jesse Pryor, defendant aforesaid, at the County of Gentry, State of Missouri, on or about the 16th day of August, 1937, did then and there willfully, unlawfully, forcibly and burglariously break into and enter the barn and storage shed of one Clyde McMillen located (describing location) in which there were kept farm equipment, feed, wool and other valuable merchandise, with intent to steal; and did then and there willfully, unlawfully, forcibly and burglariously take, steal and carry away seven (7) fleeces of sheep's wool, of about fifty-one (51) pounds in weight, of the value of Twenty Dollars ($20.00), the property of Clyde McMillen, then and there kept in said barn and storage shed for safe keeping, with intent to convert the same to his own use and to permanently deprive the owner thereof, without his consent; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

Appellant contends that the information is fatally defective and insufficient to sustain conviction of burglary because the breaking is not charged to have been done feloniously or with felonious intent. If we are to follow a long and well established line of decisions of this court appellant's contention must be sustained. The word "felonious" or "feloniously" is nowhere used in the information.

In the early case of State v. Murdock, 9 Mo. side page 739, it is said, "Every offense which is made a felony by statute, must be charged to have been done feloniously, whether it was an offense by common law or not. The word 'feloniously' is indispensably necessary in all indictments for felony, whether statutory or by common law."

In State v. Deffenbacher, 51 Mo. 26, the court said: "It is the settled law of this State that an offense which is made a felony by statute, whether it were a felony at common law or not, must be charged to have been committed feloniously. (Citing Murdock case.) The word 'feloniously' is indispensably necessary in all indictments for felony."

The rule thus announced has been followed and applied in many later cases. We shall cite only a few

In State v. McGrath, 228 Mo. 413, 422, 128 S. W. 966, the court again says that "It is the settled law in this State 'That in all indictments for felonies the criminal act must be alleged to have been feloniously done,'" citing among others, the Murdock case, and quotes Bishop's New Criminal Procedure, section 535, that "Reason just as much requires it (the use of said word) in the statutory as in the common law indictment."

In State v. Dixon, 247 Mo. 668, 153 S. W. 1022, the rule above quoted was again applied, the court saying that it had been in force in this State for many years and that "there seems to be no holding otherwise." And in State v. Siegel, 265 Mo. 239, 245, 177 S. W. 353, the court said, 265 Mo. 1. c. 245, "The only exception to this rule, in other jurisdictions, is where the necessity of its employment has been removed by an express statute," and further said: "Whatever may be the rule elsewhere, whether founded upon an express statute or such a construction of the Statute of Jeofails as to render the use of the word not necessary, there is no exception to the necessity of its use in Missouri in any indictment or information where the offense charged is a felony." The court further said, 265 Mo. 1. c. 246, the use of the word "feloniously" is necessary because its use "informs the accused of the nature or grade of crime he is alleged to have committed."

The above-cited cases were not burglary cases, though we cannot see that that makes any difference in the application of the rule. But in State v. Whalen, 297 Mo. 241, 248 S. W. 931, the defendants were charged with burglary and larceny. The charge was that the accused "did then and there break into and enter said bank building (describing the manner of breaking) with the intent unlawfully, feloniously and burglariously to take, steal and carry away the money . . . in said bank building kept and deposited," etc. The defendant was convicted of burglary and brought the case here by writ of error. This court said the information should have charged that the defendant "feloniously and burglariously" entered the building. After citing many cases the court said: "Upon a consideration of all the authorities on this subject, we have reached the conclusion that the information aforesaid is fatally defective, and insufficient to sustain the conviction herein."

The State relies for authority to sustain the information upon State v. Burton, 324 Mo. 214, 22 S. W. (2d) 1049. That was a prosecution for violation of the prohibition act—selling hootch, moonshine, corn whiskey, a felony. The information did not charge that the act was done feloniously and was assailed for that reason. In holding the information sufficient the court said:

"We have consistently ruled, in cases involving the violation of the intoxicating liquor statutes, that an information in the language of the statute is sufficient. [State v. Fenley, 309 Mo. 534; State v. Knight, 300 S. W. 719; State v. McGinnis, 7 S. W. (2d) 259.] The information in this case is in the exact language of Section 21 of the Act of 1923. No such word as feloniously, unlawfully or knowingly is used in the section. The act of selling is made a felony regardless of the purpose or manner of the act. In the legislative mind, as shown

in this section, the felonious intent is implied in the conscious performance of the unlawful act. The statute condemns the act, though defendant may have thought his act harmless or lawful."

In the McGinnis case cited in State v. Burton the opinion does not disclose whether the word "feloniously" was used or not. Reference to the files discloses that it was used. It was used also in the Knight case.

The Fenley case was a prosecution under the prohibition act for a misdemeanor. The court, after pointing out that in charging a misdemeanor the same strictness is not required as in cases of felony, said, 309 Mo. l. c. 532, 275 S. W. l. c. 43 (2, 3):

"This rule is especially applicable where the charge, as here, is under a statute (Art. VII, Chap. 92, R. S. 1919) which provides, among other things, that: 'It shall not be necessary in any affidavit, information or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful.' [Sec. 6596, R. S. 1919.]

"This rule of interpretation, which may also be termed a special Statute of Jeofails, simplifies the question as to the sufficiency of this indictment. Charging as it does, a statutory offense, we find that it is drawn in the language of the law of its creation which sets forth all of the constituent elements of the crime. [Sec. 6588, R. S. 1919, as amended, Laws 1921, p. 414; State v. Perkins, 240 S. W. (Mo. App.) 851; State v. Bersch, 276 Mo. l. c. 412.]"

The statutory provision quoted in the above excerpt from the Fenley case is found in Chapter 52 of the 1919 Statutes, entitled "Intoxicating Liquors." The opinion erroneously says Chapter 92. The same provision is found in Section 4491, Revised Statutes 1929 (Mo. Stat. Ann., p. 4656), which is part of Chapter 31 of the 1929 revision, entitled "Intoxicating Liquors—Prohibition," and was in force when the Burton case was written. What the court refers to in the Fenley case as a "special Statute of Jeofails" was clearly, we think, intended to apply only to prosecutions for violation of the intoxicating liquor statutes. While there are some observations in the Burton case that might seem to question the soundness of the rule that the use of the word "feloniously" (absent some statutory provision dispensing with its use), is always necessary in order to charge a felony, it cannot be believed that the court meant to overrule the long line of decisions so holding, without discussing and without even mentioning them. The *decision* in the Burton case was limited to cases involving violation of the intoxicating liquor laws.

██ It is argued on behalf of the State that the information was not assailed by motion to quash or otherwise before verdict, being

first challenged in the motion for new trial, and that appellant thereby waived the defect and cannot now assert it. In none of the cases we have cited in support of the rule does it appear that the indictment or information was assailed before verdict. In some the objection first appeared in a motion in arrest of judgment. In State v. Siegel, supra, the appeal was from sentence and judgment on a plea of guilty. In all, the indictment or information was held *fatally* defective.

■ We note further that the information (though not criticized by counsel on this ground), does not allege an intent to steal the articles kept in the barn. It charges only a breaking "with intent to steal." The statute makes it burglary in the second degree to break into and enter a building (such as the barn in question) "with the intent to steal or commit any crime *therein*." (Italics ours.) The usual form of indictment or information charges an intent to steal the goods, etc., alleged to have been kept in the building. In State v. Moten, 276 Mo. 354, 358, 207 S. W. 768, 769 (2, 3) we read:

"In order to charge burglary under Section 4520, for the burglarious entry of a building in which goods, etc., are at the time kept and deposited, apt allegation must be made of the fact that goods, etc., are kept and deposited therein, together with the further averment that the breaking and entry was with the intent to steal the goods, etc., in the said building then and there being."

Said Section 4520 is now Section 4048, Revised Statutes 1929 (Mo. Stat. Ann., p. 2849), upon which the information herein is based.

Our conclusion that the information is fatally defective renders it unnecessary to detail the evidence, which covers some 280 pages of the bill of exceptions. The only points made by appellant in his brief, aside from his contention as to the information, are that the evidence is insufficient to show a burglarious entry of the barn and improper cross-examination of defendant. We have read the evidence and think the State made a submissible case. We find no prejudicial error in the cross-examination of defendant.

The judgment is reversed and, since the prosecuting attorney may wish to file an amended information, the cause is remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All the judges concur.