**STATE of Missouri ex rel. Connie L. POWERS, Petitioner,**

v.

**T. J. (Tommy) WALKER, Sheriff of Stone County, Missouri, Respondent.**

No. 8389.

Springfield Court of Appeals.

Missouri.

Aug. 13, 1964.

John E. Hosmer, John B. Newberry, Springfield, for petitioner.

Tom N. Douglas, Galena, for respondent.

RUARK, Presiding Judge.

Petitioner, Connie L. Powers, was defendant in complaint filed in magistrate court, charged with what the parties all agree was intended as a charge of molesting a minor under § 563.160.[1] Specifically the charge was that he did "unlawfully, feloniously and wilfully, place his hands and detain a minor girl, and did suggest an immoral, lewd and lascivious act, with said minor by holding and fondling said minor." Warrant was issued on the charge of "feloniously molesting a minor"; defendant was arrested, hearing was held; he was bound over to circuit court, and, in default

---

1. All statutes referred to herein are RSMo 1959, V.A.M.S.

of five-thousand-dollar bond, was committed to jail, all as shown by the transcript of the magistrate.

Subsequently, it was decided to "make the charge a misdemeanor." The prosecuting attorney filed an information in magistrate court charging, not on fact but on information and belief, that defendant did "unlawfully and wilfully, place his hands [on] and detain a minor girl, and did suggest an immoral, lewd, and lascivious act, with said minor by holding and fondling said minor." It will be noticed that the wording of the information in magistrate court is almost identical with that of the charge under which the defendant has been bound over to circuit court, except that the word *feloniously* was omitted. The docket of the magistrate court then shows the following:

"9851  State of Missouri v. Connie L. Powers—Molesting a Minor

10–29–63—On this 29th day of October, plea of not guilty. Hearing by Court and found guilty, fined $500.00 and six months in jail. Suspended on good behavior, and all costs $518.00 Total".

On November 4, 1963, the prosecuting attorney dismissed the case in circuit court.

On July 3, 1964, the magistrate issued a "Committment for parole violation" and Powers was rearrested and placed in jail. It is to secure discharge from this confinement that he presented his petition for habeas corpus. At our hearing after the return of the sheriff, it developed that the stay of execution was granted by the magistrate on the oral condition that the petitioner stay out of the county; that the prosecuting attorney was informed that petitioner had returned to or was within the county and requested the magistrate to "revoke his parole." This was done without sentence or hearing.

■■ Various grounds for discharge are asserted; we think we need deal with only one. The magistrate did not have jurisdiction to try, adjudge, and convict for the supposed crime. The charge was obviously intended to be made, and petitioner was tried and convicted of a crime defined in § 563.160, which is entitled "molesting minor with immoral intent." The punishment fixed by that statute is imprisonment in the penitentiary, imprisonment in jail, or a fine not exceeding five-hundred-dollars, or both such fine and imprisonment; in other words, what lawyers often call a "mixed felony." See State v. Thomas, Mo., 343 S.W.2d 56. Section 556.020 provides that a felony is any offense for which the offender, on conviction, shall be liable by law to be punished by death or imprisonment in the penitentiary. A so-called mixed felony is a felony under this section. State v. Kollenborn, Mo., 304 S.W.2d 855; State v. Combs, Mo. App., 301 S.W.2d 529.

■■ Section 541.020 provides that, except as otherwise provided by law, the circuit courts shall have exclusive jurisdiction in all cases of felony. Section 543.010 grants magistrate courts concurrent jurisdiction with circuit courts in all cases of misdemeanor, but it does not "otherwise provide" for jurisdiction to try and sentence for a felony. Jurisdiction of magistrate court in felony case is limited to a preliminary examination, discharge or binding over to circuit court, and admission to bail. State v. Cooper, Mo., 344 S.W.2d 72, 76. The circuit court has exclusive jurisdiction to *try* felony cases. State v. Crouch, Mo., 353 S.W.2d 597(8).

■ It is suggested that the charge could not be that of a felony exclusively within the jurisdiction of the circuit court because the word *feloniously* was not included in the information. The molesting statute is a special statute enacted for the protection of minors and the public generally. It does not require that the act be done "feloniously." One who violates the section by committing the acts therein specified is guilty and punishable regardless of whether the acts are charged to have been feloniously done. State v. Klink, 363 Mo. 907, 254

S.W.2d 650, 655; State v. Updegraff, Mo., 214 S.W.2d 22; State v. Burton, 324 Mo. 214, 22 S.W.2d 1049; State v. Frazer, 363 Mo. 77, 248 S.W.2d 645, 646; State v. Gentry, 329 Mo. 282, 44 S.W.2d 27, 30; State v. Nienaber, 347 Mo. 615, 148 S.W.2d 1024.

◼ Finally, it is urged that the conviction and sentence should be sustained as being for common assault. This we think is an afterthought. The information uses words which are applicable to the molesting statute. The case was docketed and tried as a molesting charge, and the punishment fixed (which included a five-hundred dollar fine) could not possibly have been assessed as a penalty for common assault (559.220). It is true that the improper "laying on of hands" inflicted upon a woman *not consenting thereto* is an assault if the acts be such as to produce a sense of shame or other disagreeable emotion resulting from undue familiarity. State v. Higgins, Mo.App., 252 S.W.2d 641(6). (As to consent, see 6 C.J.S. Assault and Battery § 90, p. 941; State v. Jeffords, Mo.App., 94 S.W.2d 915). But here we have a charge of laying of hands upon an unnamed person (her name not endorsed) of unknown age. Whether this was done against her will, or whether she was of an age which would not permit consent (as against a charge of assault) is not disclosed.

◼ As stated heretofore, the crime of molesting a minor is a felony created and defined by a special statute, complete in itself. State v. Randall, Mo., 248 S.W.2d 860(4). One cannot be brought into court on one offense and convicted of another entirely different. State v. Bowles, Mo., 360 S.W.2d 706(2). While the act done might also involve an assault, it (molesting a minor) is not a crime which can be graded down to a lesser degree and common assault does not merge into it. State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 769; State v. Klink, supra; State v. Akers, Mo., 328 S.W.2d 31. The prosecuting officers cannot create a misdemeanor charge of molesting by omitting the word *feloniously*. If there are facts which justify the prosecution of petitioner on the felony charge of molesting, he should be so prosecuted. If the facts are such that he was guilty of common assault, he could be so charged, but he cannot be prosecuted under some theory which compromises molesting into a misdemeanor.

◼ A void trial is no trial. Thompson v. Sanders, 334 Mo. 1100, 70 S.W.2d 1051, 1055. The lack of jurisdiction in the magistrate court is of the subject matter. That cannot be waived. Crockett Oil Co. v. Effie, Mo.App., 374 S.W.2d 154, 157; Weiler v. Weiler, Mo.App., 331 S.W.2d 165; Berry v. Chitwood, Mo., 362 S.W.2d 515.

Since the petitioner is not held under sentence by a court having jurisdiction, and since it is agreed no other charge is pending, it appears that he must be discharged. It is so ordered.

STONE and HOGAN, JJ., concur.