STATE of Missouri, Respondent,

v.

Edward Lawrence VANDERGRIFF, Appellant.

No. 51706.

Supreme Court of Missouri, Division No. 1.

June 13, 1966.

**580**

Norman H. Anderson, Atty. Gen., Jefferson City, William A. R. Dalton, Sp. Asst. Atty. Gen., Springfield, for respondent.

J. W. Grossenheider, Lebanon, Claude T. Wood, Richland, for appellant.

HENLEY, Judge.

Defendant appeals from a judgment of conviction on a charge of burglary in the second degree. He was charged by information in two counts with (1) burglary in the second degree and (2) stealing in connection with the burglary. Sections 560.-070, 560.156 and 560.110, RSMo 1959, V.A.M.S. Trial was before the court without a jury, the jury being waived by defendant with assent of the court. Article I, § 22(a), Constitution of Missouri, V.A.M.S.; Rule 26.01(b), V.A.M.R. At the close of the state's case, defendant filed and stood on a motion for judgment of acquittal as to both counts. The motion was overruled as to the first count and sustained as to the second. The court made and entered a general finding of guilty of burglary in the second degree and assessed defendant's punishment at imprisonment in the penitentiary for a term of three years. Section 560.095(2), RSMo 1959, V.A.M.S. After an unavailing motion for new trial, defendant was sentenced and judgment entered in accordance with the finding.

A statement of the facts of the case is unnecessary to an understanding of the legal points on which the case turns; hence we forego the usual statement. The information on which the case was tried is assailed on two grounds. The sufficiency of the information to charge the crime of burglary was challenged in defendant's motion for new trial, and the points of attack now directed toward the information are fully and ably briefed by both the defendant and the state. Too, it is our duty to determine on appeal the sufficiency of the information, whether or not it is questioned in the motion for new trial or the question briefed. Rule 28.02, V.A.M.R. Defendant contends that the information does not charge the offense of burglary in the second degree under § 560.070, in that it fails to allege (1) that the breaking and entering was burglariously done, (2) that goods, wares, merchandise or other valuable thing was kept or deposited in the building broke and entered, (3) that defendant broke and entered the building with intent to steal goods, etc., therein. We find the information fatally defective and reverse and remand.

Because the state contends that we should look to and consider the second count as supplying the alleged deficiency in the first count, we set out both counts of the information, omitting wordage therein unnecessary to this opinion. It charges: that on August 7, 1963, defendant " * * * with specific criminal intent, wilfully, intentionally, unlawfully, deliberately, feloniously, on purpose

"COUNT I

did break and enter the Chambers Store Building owned by Vinita Randall breaking the panel of the rear door of said building with the intent to steal, and did,

"COUNT II

steal by appropriating by exercising dominion over men's clothing without the consent of the owner, to-wit: Euell Chambers by taking, using and retaining possession of said clothing and being done in connection with the breaking and entering as set out in Count I * * *."

The statute defining the offense with which the first count of this information sought to charge defendant is § 560.070, RSMo 1959, V.A.M.S. It reads: "Every person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by

any statute of this state to be burglary in the first degree, or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

There is no allegation in the information, nor is there any proof or contention that there was any human being in the building or that there was any intent to commit any crime therein other than to steal.

■ In effect, defendant's first and third points of attack on the information are the same. The contention that the information should have alleged that "the breaking and entering was *burglariously* done" is, in effect, the same as the contention that the information should have alleged "that defendant broke and entered the building with intent to steal goods, etc., therein." *"Burglariously* breaking into a building is breaking in with intent to steal * * *." (emphasis supplied.) State v. Gentry, 329 Mo. 282, 44 S.W.2d 27, 31 [6].

■ If defendant also means by his first point, as his argument would seem to indicate, that the word "burglariously" is a technical or magic word that must be used in the information, we hold to the contrary. The word had a technical meaning and was required to be used in an indictment for burglary at common law, but the technical word is not required to be introduced into an information to charge effectively the statutory crime of burglary. All that need be alleged is the essential elements defined by § 560.070. State v. Ruffin, Mo., 286 S.W.2d 743, 746–747 [2–3]; State v. Thomas, Mo., 360 S.W.2d 694, 696–698 [1]. And one of those elements is that the breaking and entering be with intent to steal.

■ The information does not charge that the building allegedly broken and entered was one in which there was at the time goods, wares, merchandise or other valuable thing kept or deposited. In so failing to charge, the information omitted a description of the type of building that might be burglarized as defined by § 560.-070, and thereby omitted an essential element of the offense of burglary in the second degree. State v. Thomas, supra; State v. Moten, 276 Mo. 354, 207 S.W. 768, 769 [1–3], and cases therein cited.

■ Nor does the information charge that the breaking and entering was with the intent to steal goods, etc., kept in the building, also an essential element of the offense. State v. Watson, Mo., 383 S.W.2d 753, 756–757 [6]; State v. Whalen, 297 Mo. 241, 248 S.W. 931, 932–933 [4]; State v. Pryor, 342 Mo. 951, 119 S.W.2d 253, 255 [3]. In State v. Moten, supra, cited with approval in State v. Thomas, supra, this court said at l. c. 769 of 207 S.W.: "In order to charge burglary under section 4520 [now § 560.070], for the burglarious entry of a building in which goods, etc., are at the time kept and deposited, apt allegation must be made of the fact that goods, etc., are kept and deposited therein, together with the further averment that the breaking and entry was with the intent to steal the goods, etc., in the said building then and there being."

State v. Moten, supra, l. c. 769 of 207 S.W., holds also that while it is permissible to charge both burglary and stealing in the same count, " * * * the two charges must be kept separate and not jumbled together and intermingled, and *each must be a complete and sufficient charge within itself,* barring mere formal allegations." (emphasis supplied.) We adhere to that rule. But in the face of this rule, we look to the allegations of the second count, as the state suggests, to see if those allegations supply the otherwise missing elements of the offense sought to be charged in the first count. Reading the two counts as one, we fail to find apt allegations of the above-discussed essential elements of burglary in the second degree. The information is in-

sufficient to sustain defendant's conviction of burglary in the second degree.

Because of the result we reach we need not discuss the other assignments of error briefed by defendant.

The judgment is reversed and the cause remanded.

All concur.