STATE of Missouri, Respondent,

v.

Otto Louis VONDERAU, Appellant.

No. 53360.

Supreme Court of Missouri,
En Banc.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Frank P. Motherway, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Henry G. Morris, St. Louis, for appellant.

DONNELLY, Judge.

Defendant, Otto Louis Vonderau, was convicted on May 24, 1967, of willfully striking a police officer under § 557.215, RSMo 1959, V.A.M.S. (Laws 1965, p. 668, § 1) by a jury in the Circuit Court of the City of St. Louis, and his punishment was assessed at imprisonment in the Workhouse of the City of St. Louis for a period of six months. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court. We reverse and remand for new trial.

The essential portion of the indictment charges:

"That OTTO LOUIS VONDERAU on the 19th day of May, one thousand nine hun-

dred and sixty-six, at the City of St. Louis aforesaid, willfully did strike and hit with an automobile PATROLMAN DONALD EICKHOFF, a member of the St. Louis Metropolitan Police Department; said PATROLMAN DONALD EICKHOFF, then and there and at the time of the assault aforesaid being actively engaged in the performance of duties imposed upon him by law; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

Section 557.215, RSMo 1959, V.A.M.S. (Laws 1965, p. 668, § 1), reads as follows: "Any person who shall willfully strike, beat or wound any police officer, sheriff, highway patrol officer or other peace officer while such officer is actively engaged in the performance of duties imposed on him by law, and every person who shall aid or assist in doing any such striking, beating or wounding, is guilty of a crime and, upon conviction, shall be punished by imprisonment by the department of corrections for a term of not more than five years, or by confinement in the county jail for not less than six months nor more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment."

Appellant contends the indictment is fatally defective because it fails to allege appellant willfully *and feloniously* did strike and hit with an automobile Patrolman Donald Eickhoff. We agree.

In State v. Murdock, 9 Mo. 739, 740 (1846), this Court said: " * * * The word feloniously is indispensably necessary in all indictments for felony; whether statutory or by common law." See also State v. Gilbert, 24 Mo. 380, 381 (1857); and State v. Deffenbacher, 51 Mo. 26, 27 (1872).

In State v. Siegel, 265 Mo. 239, 245–246, 177 S.W. 353, 354 (1915), this Court stated the general rule as follows: " * * * Whatever may be the rule elsewhere, whether founded upon an express statute or such a construction of the statute of jeofails as to render the use of the word not necessary, there is no exception to the necessity of its use in Missouri in any indictment or information where the offense charged is a felony; and, while the word 'felony' seems, as defined by section 4923, R. S. 1909 [§ 556.020 RSMo 1959, V.A.M.S.], to be restricted to capital cases and those punishable by imprisonment in the penitentiary, under numerous rulings of this court it is held to mean any offense for which the accused may, upon conviction, be imprisoned in the penitentiary, although the minimum punishment for same may be a jail sentence or a fine. * * *

"In charging a felony, therefore, whether made so by a direct statute or by classification on account of the punishment prescribed, the use of the word 'feloniously' is necessary, for the very sufficient reason that its use informs the accused of the nature or grade of crime he is alleged to have committed. The offense here charged is not alleged to have been committed feloniously, and hence the information is insufficient."

In cases involving violations of the intoxicating liquor statutes, this Court has not followed the general rule, and has held that an indictment in the language of the statute was sufficient. Cf. State v. Burton, 324 Mo. 214, 22 S.W.2d 1049 (1929); State v. Updegraff, Mo.Sup., 214 S.W.2d 22 (1948). However, this Court, in State v. Pryor, 342 Mo. 951, 955, 119 S.W.2d 253, 255 (1938), referred to State v. Burton, supra, as follows: "While there are some observations in the Burton Case that might seem to question the soundness of the rule that the use of the word 'feloniously,' (absent some statutory provision dispensing with its use), is always necessary in order to charge a felony, it cannot be believed that the court meant to overrule the long line of decisions so holding, without discussing and without even mentioning them. The *decision* in the Burton Case was limited to cases involving violation of the intoxicating liquor laws."

This case does not involve a violation of the intoxicating liquor laws. The question, therefore, becomes whether there is a provision in § 557.215, supra, which dispenses with the use of the word "feloniously." We cannot say that § 557.215, supra, declares that the act of willfully striking a police officer is a "felony" regardless of the purpose, manner or intent of such act. It does declare such act a "crime." However, the term "crime" may mean "any offense, as well misdemeanor as felony." Section 556.010, RSMo 1959, V.A.M.S. The general rule applies. The statute does not dispense with the use of the word "feloniously" in the indictment.

The State cites State v. Kesterson, Mo. Sup., 403 S.W.2d 606, and State v. Frankum, Mo.Sup., 425 S.W.2d 183. We do not understand those cases to hold that the State need not allege the *essential* facts constituting the offense. They do hold that the "failure of the indictment or information to give all desired details may be waived by the defendant's failure to request a bill of particulars." State v. Frankum, Mo.Sup., 425 S.W.2d 183, 189.

■ This Court has consistently held that the use of the word "feloniously" in an indictment is fundamental and essential to its validity. The indictment is fatally defective for failure to allege that the act in question was "feloniously" done. The case must be reversed and remanded for new trial.

Defendant raises other assigments of error which, with one exception, need not be considered on this appeal. "Where an indictment has been held fatally defective, other allegations of error based upon matters occurring at the trial, such as the sufficiency of the evidence, the giving or refusal of instructions, the admission or exclusion of evidence and argument to the jury, will not be examined because, without a valid indictment, these questions are no longer live issues and any discussion of them would amount to nothing more than obiter dictum. * * *" State v. Harris, Mo.Sup., 313 S.W.2d 664, 671. The exception involves defendant's contention that he is being "put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury * * *." V.A.M.S., Const., Article I, Sec. 19; § 556.-240, RSMo 1959, V.A.M.S.

According to the evidence, on May 18, 1966, at about 11:30 P.M., Officers Michael Brooks and Brian Graft were cruising in Tower Grove Park in the City of St. Louis. They observed a parked 1965 Ford. They did not stop. They met Officer Donald Eickhoff a short distance away and returned to the Ford. Eickhoff stopped his car to the left and front of the Ford. Brooks stopped his car to the rear of the Ford. Defendant was sitting in the Ford.

The officers conversed with defendant and then defendant started his car forward, struck the right front fender of Eickhoff's car, and left the scene. The officers pursued defendant in their cars and stopped him. Eickhoff stopped his car in front of defendant's car. Brooks stopped his car to the rear of defendant's car. Eickhoff approached on foot from the front. Brooks and Graft approached on foot from the rear.

Officer Brooks testified that the following then occurred:

"Q Tell us what happened?

"A As we attempted to approach the car the subject's car was put in reverse. He backed up at pretty good speed. I could not give you any estimate, but it was pretty fast.

"Q Anything happen? A Yes. He struck Officer Graft with the car, and he fell to the grass.

"Q When this happened were the defendant's headlights on? A Yes.

"Q Where was Officer Eickhoff at that time?

"A He was in front of the subject's car.

"Q Could you see Officer Eickhoff in the defendant's headlights?

"A Not at that instant. Because when he backed up he got up on the car, too.

"Q What did the defendant do?

"A He put his car in forward, and he went forward. At the time I seen Officer Eickhoff in the subject's headlights. He appeared to be flying in the air. The subject drove on the grass around Eickhoff's car, and continued east on Southwest Drive.

"Q After he continued east did Officer Graft do anything?

"A Yes. When he was continuing east, Officer Graft regained his footing and fired three shots at the defendant's car.

"Q Was this before or after Officer Eickhoff was struck?

"A This was after Officer Eickhoff was struck."

■ Defendant was put to trial on October 10, 1966, on the charge of willfully striking Officer Brian Graft on the night in question. Defendant was acquitted. Defendant contends "that the State divided into parts one offense in operating the automobile and that the defendant was tried piece meal, which was in violation of his constitutional and statutory rights." We do not agree. The act of backing his automobile and striking Officer Graft was a separate offense. The act of driving his automobile forward and striking Officer Eickhoff was a separate offense. The evidence shows " * * * that there were two separate and distinct acts or assaults committed by the defendant in rapid succession * * *." State v. Temple, 194 Mo. 228, 236, 92 S.W. 494, 497. The former prosecution, and acquittal, of defendant on the charge of striking Officer Graft is no bar to a prosecution of defendant on a charge of striking Officer Eickhoff.

The judgment is reversed and the cause remanded for new trial.

FINCH, P. J., concurs.

EAGER, J., dissents.

Cause transferred to Court en Banc on court's own motion.